# Exhibit 5



**SUMMARY OF REVISIONS TO COMPREHENSIVE ARBITRATION RULES**

**JAMS Comprehensive Arbitration Rules, Amended and Effective June 1, 2021.**

**Rule 1. Scope of Rules**

Rule 1(f): The revised rule clarifies the meanings of "electronic filing" and "electronic service."

**Rule 2. Party Self-Determination and Emergency Relief Procedures**

Rule 2(b): The revised rule eliminates the word "subsequently" from the phrase "the Parties may subsequently agree."

Rule 2(c)(i): The revised rule eliminates the reference to "facsimile."

Rule 2(c)(ii): The revision clarifies the nature of the Emergency Arbitrator's required disclosures.

Rule 2(c)(iv): The revised rule changes the standard for the granting of emergency relief by eliminating the words "and irreparable" from the phrase "immediate and irreparable loss or damage."

**Rule 5. Commencing an Arbitration**

Rule 5(a)(iv): The revised rule includes the phrase "where the Parties' Arbitration Agreement does not specify JAMS administration or JAMS Rules." This revision clarifies JAMS' administrative authority in certain situations in the convening stages of an arbitration. For example, where a respondent fails to object timely to JAMS' administration, JAMS may determine that it can proceed with administration even if the parties' arbitration agreement does not name JAMS or the JAMS Rules (e.g., the parties' agreement is silent as to arbitration provider and rules). Where a respondent does object timely to JAMS' administration, JAMS may determine that it can proceed with administration if the parties' arbitration agreement specifies JAMS or the JAMS Rules.

**Rule 6. Preliminary and Administrative Matters**

Rule 6(e)(i): The revised rule adds the words "two or more of." This addition clarifies JAMS' authority in certain instances to consolidate any number of a party's multiple arbitration filings into a single proceeding.

**Rule 7. Number and Neutrality of Arbitrators; Appointment and Authority of Chairperson**

Rule 7(b): The revised rule adds the phrase "in advance of the Arbitration Hearing" to the last sentence.

**Rule 8. Service**

The revised Rule 8 aligns electronic filing and service in a JAMS arbitration with the functionality of JAMS' new electronic case management system, JAMS Access (referred to in the rules as "the JAMS Electronic Filing System").

Rule 8(a): Previously, this rule allowed the arbitrator to require electronic filing and service at any time. The revised rule clarifies that JAMS or the arbitrator may require electronic filing and service at any time.

Rule 8(b): The revised rule eliminates the requirement for a filing party to maintain in paper format the "original signature" of third parties.

Rule 8(f): The revised rule includes the following sentence: "If the last day for the performance of any act that is required by these Rules to be performed within a specific time falls on a Saturday, Sunday or other legal holiday, the period is extended to and includes the next day that is not a holiday."

**Rule 9. Notice of Claims**

Rule 9(c): The revised rule allows JAMS to grant reasonable extensions of time to file a response or counterclaim prior to the appointment of the arbitrator.

**Rule 12. Representation**

The revised Rule 12 eliminates all references to fax numbers.

Rule 12(c): This new rule allows an arbitrator (or tripartite panel) to withhold approval of any intended change in party representation where the change could compromise the ability of the arbitrator (or panel) to continue to serve or the finality of an award.

**Rule 15. Arbitrator Selection, Disclosures and Replacement**

Rule 15(b): The revised rule adds the words "at least" in the following: "at least ten (10) Arbitrator candidates in the case of a tripartite panel." This addition makes explicit JAMS' authority to include more than 10 names in a list of arbitrator candidates for a tripartite panel. (Both the prior and revised versions of this rule make explicit JAMS' authority to include more than five names in a list of candidates for a sole arbitrator.) The revised rule also includes the words "add names to or" in the following: "JAMS may add names to or replace any or all names on the list of Arbitrator candidates for reasonable cause."

This addition makes explicit JAMS' authority to supplement a list of arbitrator candidates—in addition to replacing any or all names—for reasonable cause.

Rule 15(f): With the addition of the words "or individuals," the revised rule makes explicit JAMS' longstanding practice of treating both entities and individuals whose interests are not adverse as a single party for purposes of the arbitrator selection process.

### Rule 17. Exchange of Information

Rule 17(e): This new rule makes explicit that in a consumer or employment arbitration, the parties may take discovery of third parties with the approval of the arbitrator.

### Rule 18. Summary Disposition of a Claim or Issue

The revised Rule 18 provides that an arbitrator may permit a party to file a motion for summary disposition of a claim or issue only if the arbitrator determines the party has shown that the proposed motion for summary disposition is likely to succeed and to dispose of or narrow the issues in the case.

### Rule 19. Scheduling and Location of Hearing

Rule 19(b): The revised rule adds the clause "and the Arbitrator reasonably believes that the Party will not participate in the Hearing" in the following: "If a Party has failed to participate in the Arbitration process, and the Arbitrator reasonably believes that the Party will not participate in the Hearing, the Arbitrator may set the Hearing without consulting with that Party."

### Rule 22. The Arbitration Hearing

Rule 22(g): The revised rule makes explicit the arbitrator's full authority to conduct the hearing in person, virtually or in a combined form, and with participants in more than one geographic location.

Rule 22(k): Previously, this rule allowed a party to arrange for a stenographic "or other" record of the hearing. The revised rule maintains a party's ability to arrange for a stenographic record but eliminates its ability to arrange for "other" types of records of the hearing absent party agreement or the direction of the arbitrator.

### Rule 31. Fees

Rule 31(d): In several places, the revised rule adds the words "or individuals" in the following context: "entities or individuals." This addition makes explicit JAMS' longstanding practice of treating both entities and individuals whose interests are not adverse as a single party for purposes of JAMS' assessment of fees.