1  Karen O. Hourigan (SBN 206957)
   1706 Waller Street
2  San Francisco, California 94117
   Telephone: 415.371.9255
3  E-mail: khourigan@exitherasap.com
4

5
              **UNITED STATES DISTRICT COURT**
6
              **NORTHERN DISTRICT OF CALIFORNIA**
7
                  **SAN FRANCISCO DIVISION**
8

9
                                           )
10  KAREN O. HOURIGAN,                     )  Case Number: 3:22-cv-4303
                                           )
11         Plaintiff,                      )
                                           )
12         vs.                             )  **CERTIFICATION OF COUNSEL FOR**
                                           )  **PURPOSES OF RULE 65(b)(1)(B) OF**
13                                         )  **THE RULES OF FEDERAL**
    REDGRAVE LLP; and OGLETREE,            )  **PROCEDURE**
14  DEAKINS, NASH, SMOAK & STEWART,        )
    P.C.,                                  )
15                                         )
                                           )
16                                         )
           Defendants.                     )
17                                         )
                                           )
18                                         )
                                           )
19                                         )
                                           )
20  ─────────────────────────────────────  )

21

22

23

24

25

26

27

28

                           1
         FED. R. CIV. P. 65(b)(1)(B) CERTIFICATE OF COUNSEL

Karen O. Hourigan, an attorney representing herself *pro se* in this action, submits this certification pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure.

In this action, Plaintiff seeks, inter alia, a temporary restraining order and an order to show cause why a preliminary injunction should not issue against Defendants Redgrave LLP and Ogletree, Deakins, Nash, Smoak & Stewart, P.C. temporarily restraining, and preliminarily enjoining the Defendants from taking further action to prosecute claims filed in the arbitration proceeding file with JAMS.

On July 21, 2022, I informed Ogletree and JAMS via email that I would be filing this lawsuit in this Court seeking Declaratory Judgment and Injunctive Relief shortly.  Plaintiff has not attempted to provide notice of the ex parte application to Defendants or JAMS.  Pursuant to Rule 65(b)(1)(B), Plaintiff, an attorney representing herself in this matter, certifies that notice should not be required because, upon receiving notice, Defendants are likely to attempt to accelerate the JAMS arbitration proceedings or move for an expedited entry of a final award or partial final award in the JAMS arbitration proceeding to foreclose Plaintiff from seeking relief in this action before this Court has an opportunity to render a decision in this matter.  As a result, specific and immediate injury to Plaintiff causing loss and damage includes the following:

1. Being forced to arbitrate a dispute that Plaintiff did not agree to submit to arbitration;
2. Extensive and duplicative litigation costs to defend against Defendants' arbitration proceedings;
3. The risk that JAMS erroneously enters a decision regarding:
    a. The existence of written, enforceable agreement between Plaintiff and Defendant Redgrave LLP;
    b. The legality of any arbitration provision related to Plaintiff and her employment claims;
    c. Whether Defendant Redgrave LLP has waived, forfeited, or otherwise relinquished any right to arbitrate that it may have as a result of pursuing litigation and continuing to act in a manner that is inconsistent with enforcing any right to arbitrate;

      d. Whether an arbitrable dispute exists; and

      e. The risk of at least two adjudications on the same issues with inconsistent results that leads to confusion for all and harm to Plaintiff.

Defendants' recent conduct indicates that they will continue to press forward with the JAMS arbitration proceedings and do so in an expedited manner if they are advised of the pendency of Plaintiff's Ex Parte Application for Temporary Restraining Order Without Notice and Order to Show Cause Why Preliminary Injunction Should Not Issue.  In recent discussions between Plaintiff and representatives from both Defendants, Defendants' representatives have emphasized that they will continue to proceed forward with the JAMS arbitration proceedings, and that these proceedings will involved a three member panel of arbitrators in Washington, D.C. notwithstanding Plaintiff's contentions, among others, that there is no valid partnership agreement or arbitration clause or an arbitrable dispute.  These threats have been communicated to the undersigned orally and in writing, and are attested to in the separate Declaration of Karen O. Hourigan, which is submitted with this ex parte application.

Dispensing with the notice requirement in this case would present Defendants from forcing Plaintiff to participate in or suffer irreparable harm from arbitration proceedings when she dod not agree to submit to arbitration.

Date: July 26, 2022          Sign Name: *[signature]*
                                            Print Name: Karen O. Hourigan