Vince M. Verde CA Bar No. 202472
vince.verde@ogletree.com
Drake A. Mirsch CA Bar No. 328526
drake.mirsch@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:     714-800-7900
Facsimile:     714-754-1298

Attorneys for Defendants
Redgrave LLP and Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN O. HOURIGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REDGRAVE LLP; and OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.,<br><br>　　　　Defendants. | Case No. 3:22-cv-04303-LB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Filed concurrently with Jurisdictional Declarations of Emily Vandegrift and of Drake A. Mirsch; and [Proposed] Order*]<br><br>Date:　　November 17, 2022<br>Time:　　9:30 a.m.<br>Location:　450 Golden Gate Avenue<br>　　　　　Courtroom B<br>　　　　　San Francisco, CA  94102<br><br>Complaint Filed:  July 26, 2022<br>Trial Date:　　None Set<br>Magistrate Judge: Hon. Laurel Beeler |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 17, 2022 at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom B of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Redgrave LLP ("Redgrave") and Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree") (collectively, "Defendants") will and hereby do move the Court to dismiss Plaintiff Karen Hourigan's ("Plaintiff") Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure without leave to amend, on the grounds that:

1. The Court lacks subject matter jurisdiction over this lawsuit because the Complaint does not present a Federal question. *See* FED. R. FED. PROC. 12(b)(1).

2. The Court lacks subject matter jurisdiction over this lawsuit because there is no complete diversity between the parties. *See* FED. R. FED. PROC. 12(b)(1).

3. The Court lacks subject matter jurisdiction over Plaintiff's declaratory relief claim against Ogletree because Ogletree is not an interested party, and there is no actual controversy between Plaintiff and Ogletree. *See* FED. R. FED. PROC. 12(b)(1).

4. The Court should, as a matter of discretion, decline to entertain Plaintiff's later-filed declaratory relief claim.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Jurisdictional Declarations of Emily Vandegrift and Drake A. Mirsch, the pleadings in this action, and such other written and oral arguments as the Court may entertain on this Motion. This Motion follows a meet and confer with Plaintiff's counsel on August 19, 2022 and September 12, 2022 pursuant to Local Rule 7-3.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  September 29, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Drake A. Mirsch*

Vince M. Verde
Drake A. Mirsch
Attorneys for Defendants
Redgrave LLP and Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

2

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ................................................................................................. 1

II.  RELEVANT FACTUAL BACKGROUND FOR THIS MOTION ........................... 2

    A.  Plaintiff Karen Hourigan ......................................................................... 2

    B.  Defendant Redgrave LLP ........................................................................ 2

    C.  Defendant Ogletree .................................................................................. 2

    D.  The Florida Lawsuit ................................................................................. 2

    E.  The Arbitration Demand .......................................................................... 3

    F.  Hourigan's Duplicate Lawsuit For Declaratory Relief ............................ 4

III.  THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR
PLAINTIFF'S CLAIMS ...................................................................................... 5

    A.  There is no Federal question present in the Complaint ............................ 5

    B.  Because Redgrave has a California-based partner, complete
diversity does not exist ............................................................................ 6

    C.  The Court also lacks subject matter jurisdiction to hear Plaintiff's
declaratory relief claim against Ogletree because there is no "actual
controversy" ............................................................................................ 7

IV.  THE DISTRICT COURT SHOULD EXERCISE ITS DISCRETION AND
DECLINE TO HEAR PLAINTIFF'S LATER-FILED DECLARATORY
RELIEF ACTION ................................................................................................ 9

V.  CONCLUSION ................................................................................................. 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Brillhart v. Excess Ins. Co. of Am.*,
   316 U.S. 491 (1942) ............................................................................................................9

*Carden v. Arkoma Assocs.*,
   494 U.S. 185 (1990) ............................................................................................................6

*Chamberlain v. Allstate Ins. Co.*,
   931 F.2d 1361 (9th Cir. 1991) .......................................................................................9, 10

*Clemmons v. Wells Fargo Bank*, N.A.,
    680 F. App'x 754 (10th Cir. 2017) .....................................................................................7

*DeFeo v. Procter & Gamble Co.*,
   831 F. Supp. 776 (N.D. Cal. 1993) ...................................................................................10

*EQT Production Co. v. Vorys, Sater, Seymour & Pase, LLP*,
   No. 6:15-CV-146-REW-EBA, 2018 WL 6790486 (E.D. Ky. Dec. 26, 2018) ...................7

*Gator.com Corp. v. L.L. Bean, Inc.*,
   398 F.3d 1125 (9th Cir. 2005) ............................................................................................8

*GNB Battery Tech., Inc. v. Gould, Inc.*,
   65 F.3d 615 (7th Cir. 1995) ................................................................................................5

*Google, Inc. v. Microsoft Corp.*,
   415 F. Supp. 2d 1018 (N.D. Cal. 2005) ............................................................................10

*Gov't Employees Ins. Co. v. Dizol*,
   133 F.3d 1220 (9th Cir. 1998) ............................................................................................9

*Grupo Dataflux v. Atlas Global Group, L.P.*,
   541 U.S. 567 (2004) .........................................................................................................2, 6

*Guaranty Nat'l Ins. Co. v. Gates*,
   916 F.3d 508 (9th Cir. 1990) ..............................................................................................6

*Gully v. First Nat'l Bank*,
   299 U.S. 109 (1936) ............................................................................................................5

*Huth v. Hartford Ins. Co. of the Midwest*,
   298 F.3d 800 (9th Cir. 2002) ..............................................................................................9

*Lake Carriers' Ass'n v. MacMullan*,
   406 U.S. 498 (1972) ............................................................................................................8

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Leadsinger, Inc. v. BMG Music Pub.*,
　512 F.3d 522 (9th Cir. 2008) ........................................................................9

*Lincoln Property Co. v. Roche*,
　546 U.S. 81 (2005) ........................................................................................6

*Schmitt v. JD Edwards World Solutions Co.*,
　No. C 01–1009 VRW, 2001 WL 590039 (N.D. Cal. May 18, 2001).........10

*Skelly Oil Co. v. Phillips Petroleum Co.*,
　339 U.S. 667 (1950) ......................................................................................6

*Staacke v. United States Sec'y of Labor*,
　841 F. 2d 278 (9th Cir. 1988)...................................................................2, 5

*Standard Ins. Co. v. Saklad*,
　127 F.3d 1179 (9th Cir. 1997) ......................................................................5

*W. Charleston Lofts III, LLC v. Farina*,
　No. 2:16-cv-2491-JADVCF, 2017 WL 2218310 (D. Nev. May 19, 2017) .................................7

*Wilton v. Seven Falls Co.*,
　515 U.S. 277 (1995) ......................................................................................9

**Other State Cases**

*Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire
　Ins. Co.*,
　639 So. 2d 606 (Fla. 1994) ...........................................................................8

**Federal Statutes**

28 U.S.C.
　§ 1331 .............................................................................................................5
　§ 1332(a).........................................................................................................6
　§ 2201 .....................................................................................................5, 8, 9
　§ 2201(a).....................................................................................................5, 9

**California Statutes**

Cal. Civ. Code
　§ 47(b) ............................................................................................................8

Cal. Code Civ. Proc.
　§ 425.16 ..........................................................................................................8

**Other Authorities**

U.S. Const. art. III ..............................................................................................8

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3        Plaintiff Karen Hourigan ("Hourigan" or "Plaintiff") is an attorney and a former non-equity

4    partner of Defendant Redgrave LLP ("Redgrave" or "Firm"), who rejoined Redgrave in this capacity

5    in May of 2021. In December 2021, Redgrave placed Hourigan on paid administrative leave.[1]

6    Thereafter, in January 2022, the Firm provided Hourigan with 90-days' written notice under the

7    operative partnership agreement that it had determined, as it was allowed to do in its sole discretion,

8    that it was in the best interests of the Firm to terminate Hourigan from her non-equity partner position

9    at the Firm.   Hourigan was provided with full pay and benefits while she remained on paid

10   administrative leave for the 90-day period.

11       Throughout the 90-day period, Hourigan was represented in matters involving the Firm by

12   her personal attorney in Florida, and she received all the benefits of the operative partnership

13   agreement, including being paid through the 90-day notice period. Because she claimed she was not

14   bound by the operative partnership agreement, Redgrave, through its counsel, Ogletree, Deakins,

15   Nash, Smoak & Stewart, P.C ("Ogletree"), brought a declaratory relief action against Hourigan in

16   Florida state court (Pinellas County) in April 2022. The action seeks a declaration that Hourigan is

17   bound by the operative partnership agreement, including its confidentiality and arbitration

18   provisions.   Shortly thereafter, Redgrave, through Ogletree, commenced an arbitration proceeding

19   against Hourigan to address the dispute between Redgrave and Hourigan with respect to the decision

20   to separate her from employment at Redgrave. Thereafter, Hourigan's Florida counsel ceased to

21   represent her, and three months after Redgrave sued her in Florida, she filed this pro se action seeking

22   the inverse of the relief sought by Redgrave in Florida. In addition to the instant duplicative claim,

23   she named Ogletree as a defendant in this action in an act that amounts to a retaliatory suit on a law

24   firm for representing her former employer.

25       Redgrave LLP and Ogletree (collectively, "Defendants") move to dismiss the Complaint

26

27   _____

28   [1] Redgrave is confident with respect to the legitimate and non-discriminatory reasons why it took the
     adverse employment actions it did with respect to Hourigan in late 2021 and early 2022, but those
     facts are not germane to this motion.

1                          Case No. 3:22-cv-04303-LB

because this Court lacks subject matter jurisdiction. First, the Complaint does not present a federal question. Plaintiff's reliance on the Declaratory Judgment Act is misplaced. The Act does not itself confer federal jurisdiction; it is merely a procedural statute that provides a federal remedy. *See Staacke v. United States Sec'y of Labor*, 841 F. 2d 278, 280 (9th Cir. 1988). Further, as an alleged citizen of California, Plaintiff is not diverse from Redgrave, which has a partner who resides in California. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 569 (2004) (holding a limited partnership is a citizen of every state where its partners are citizens). Second, assuming this Court has subject matter jurisdiction to hear Plaintiff's claims (which it does not), this Court should exercise its discretionary authority under the Declaratory Judgment Act and decline to hear Plaintiff's later-filed lawsuit, which is duplicative of the lawsuit filed by Redgrave in Florida on April 26, 2022—over five months ago as of the filing of the Motion.

## II.   RELEVANT FACTUAL BACKGROUND FOR THIS MOTION

### A.   Plaintiff Karen Hourigan

Hourigan has alleged that she is a citizen of California and should be treated as such for diversity jurisdiction analysis. ECF No. 1 ¶ 13.

### B.   Defendant Redgrave LLP

Redgrave LLP is a Delaware Limited Liability Partnership, with its principal place of business in Chantilly, Virginia. Declaration of Emily Vandegrift ("Vandegrift Decl.") ¶ 4. It currently has partners who live in different states. *See id*. At the time Hourigan filed her lawsuit and continuing through today, one of Redgrave's partners is a resident and citizen of California. *See id*.

### C.   Defendant Ogletree

Ogletree is a law firm specializing in all areas of labor and employment law. Declaration of Drake A. Mirsch ("Mirsch Decl.") ¶ 2. Redgrave hired Ogletree to provide advice, counsel, and representation with respect to employment law matters in December 2021. Mirsch Decl. ¶ 3.

### D.   The Florida Lawsuit

On April 26, 2022, Redgrave, through Ogletree's Tampa, Florida office, initiated an action for declaratory relief against Hourigan in Pinellas County, where she owns residential property and where her then-personal attorney practices law. Mirsch Decl. ¶ 4. In the Florida action, Redgrave

1  sought an order: (a) declaring Hourigan is bound by the Second Amended and Restated Limited

2  Liability Partnership Agreement (the "2020 Partnership Agreement"), including its confidentiality

3  and arbitration provisions, and (b) requiring Hourigan's compliance with the 2020 Partnership

4  Agreement, including its confidentiality and arbitration provisions. Mirsch Decl. ¶ 4, Exh. 1.

5        On June 13, 2022, Hourigan moved the Pinellas County Circuit Court for an order dismissing

6  Redgrave's declaratory relief action. Mirsch Decl. ¶ 6. In her motion, Hourigan argued (a) the 2020

7  Partnership Agreement is not enforceable, and (b) Redgrave waived its right to arbitrate. Mirsch

8  Decl. ¶ 6, Exh. 2.

9        On June 29, 2022, Redgrave filed an opposition to Hourigan's motion to dismiss. Mirsch

10  Decl. ¶ 7, Exh. 3. The hearing on Hourigan's motion to dismiss in Pinellas County is set to be heard

11  on November 14, 2022. Mirsch Decl. ¶ 7.

12       **E.**     <u>**The Arbitration Demand**</u>

13        Three days after filing the Florida action, on April 29, 2022, Redgrave initiated an arbitration

14  against Hourigan with JAMS. Mirsch Decl. ¶ 5.

15        On July 8, 2022, JAMS sent correspondence to both Redgrave and Hourigan regarding the

16  initiation of the arbitration. On July 13, 2022, Hourigan responded, stating, in part:

17             There are three things Redgrave LLP needs to show before I would entertain

18             being a participant in this arbitration.  They must show: (1) a valid, written
           agreement exists between the parties containing an arbitration clause; (2) an

19             arbitrable issue exists; and (3) the right to arbitration has not been waived.
           Redgrave LLP cannot show ANY of these things.  Therefore, as I have

20             previously indicated, this matter is a sham and I will not participate in it, nor
           am I obligated to participate in it.

21

22             …

23             This likely will be my last communication to you.  I have blocked your email
           address from this email account.   Your emails may be blocked or they may go

24             into my spam folder.  I don't know.

25  Mirsch Decl. ¶ 8, Exh. 4.

26        On July 20, 2022, JAMS National Arbitration Committee issued a ruling on Hourigan's

27  objection to proceeding in any fashion with JAMS, stating:

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

JAMS has received and reviewed Respondent's objection and Claimant's response thereto. JAMS has been presented with an arbitration agreement between the parties. Issues related to jurisdiction and arbitrability are decided by the arbitrator(s). See JAMS Comprehensive Rule 11 (b). We will proceed with the administration of this matter, and these issues should be brought before the panel once appointed. Respondent may participate in the panel selection process without waiving any objections stated to date.

Mirsch Decl. ¶ 9, Exh. 5. That same day, JAMS commenced the arbitration and requested the parties submit rank and strike lists in order to appoint the arbitration panel by July 27, 2022. Mirsch Decl. ¶ 10. Redgrave submitted its rank and strike list on July 26, 2022. Mirsch Decl. ¶ 10.

On August 2, 2022, JAMS appointed a panel of three arbitrators to administer the arbitration. Mirsch Decl. ¶ 11. Two days later, on August 4, 2022, the panel issued Order No. 1, which set a preliminary conference for August 25, 2022.[2] Mirsch Decl. ¶ 12. Consistent with the parties' discussions with the Court on August 12, 2022, the parties asked JAMS to stay the arbitration proceeding until further notice. Mirsch Decl. ¶ 13.

**F.**   **Hourigan's Duplicate Lawsuit For Declaratory Relief**

Two days before the strike lists were due, on July 25, 2022, Hourigan initiated this proceeding and also filed an ex parte application for a temporary restraining order (without notice). ECF No. 1; ECF No. 4. In the Complaint, Hourigan requested the inverse of the relief Redgrave requested in the Florida state court proceeding. ECF No. 1, p. 25-26; Mirsch Decl. ¶ 4, Exh. 1. She also reiterated the same arguments regarding enforceability of the 2020 Partnership Agreement that she raised in the arbitration and in the motion to dismiss filed in Pinellas County. Mirsch Decl. ¶ 6, Exh. 2. For example, Hourigan argued (a) the 2020 Partnership Agreement is not enforceable, and (b) Redgrave waived its right to arbitrate. Mirsch Decl. ¶ 6, Exh. 2; *cf.* ECF No. 1 ¶¶ 120, 121.

---

[2] In response to the email from the JAMS case manager transmitting Order No. 1, Hourigan stated, in part: "As I did previously with Monica, I will be blocking your email address. I am not participating in this arbitration. As I have stated multiple times, I do not believe that JAMS has jurisdiction over me or this dispute between the parties in the two lawsuits that are pending." Mirsch Decl. ¶ 12, Exh. 6.

The preliminary conference did not take place on August 25, 2022, as the arbitration was stayed following the hearing in this Court on August 12, 2022.

### III. <u>THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR PLAINTIFF'S CLAIMS</u>

In her verified Complaint, Plaintiff alleged this Court has both federal question and diversity jurisdiction over her claims. ECF No. 1, ¶¶ 8, 9.  Not so.

### A. <u>There is no Federal question present in the Complaint</u>

Plaintiff lacks an independent basis for federal subject matter jurisdiction under 28 U.S.C. § 1331. "To bring a case within the statute [28 U.S.C. § 1331], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). Federal question jurisdiction exists only when the complaint demonstrates on its face that the action raises a federal question or the party against whom the action is brought could have asserted his own federal rights there. *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997) ("A person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there."); *GNB Battery Tech., Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995). In other words, federal law must create the cause of action or be an element of the plaintiff's claim for the court to have federal question jurisdiction. *See, e.g., GNB Battery Tech., Inc*., 65 F.3d at 619.

In a convoluted manner, Plaintiff alleges this Court has subject matter jurisdiction because the Complaint contains a federal question. ECF No. 1 ¶ 9. Plaintiff premises this argument on the fact that she alleged a cause of action under 28 U.S.C. § 2201 (the Federal Declaratory Judgment Act).[3] *See id.* However, the Declaratory Judgment Act is a procedural statute that provides a federal *remedy* for litigants seeking a judicial declaration of rights.  It provides, in relevant part:

> In a case of actual controversy **within its jurisdiction**, … any court of the United States, upon the filing of an **appropriate** pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).

---

[3] Plaintiff alleges a second claim for "injunctive relief," but does not cite any federal statute that could be construed to confer federal question jurisdiction over a claim for injunctive relief.

The Declaratory Judgment Act does not itself confer federal jurisdiction. *See Staacke*, *supra*, 841 F.2d at 280. To entertain an action under the Declaratory Judgment Act, a court must have a basis for federal subject matter jurisdiction independent of the Declaratory Judgment Act. *See, e.g., Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Guaranty Nat'l Ins. Co. v. Gates*, 916 F.2d 508, 511 (9th Cir. 1990).

Here, Plaintiff's claim for declaratory relief has no basis in federal law. Indeed, her alleged injuries rely on seven basic factual assertions (which Redgrave contests) untethered to federal law: (1) the 2020 Partnership Agreement is not enforceable because she did not sign it; (2) the application of California Labor Code section 432.6 precludes enforcement of the 2020 Partnership Agreement; (3) Redgrave allegedly waived the right to arbitrate; (4) the terms of the 2020 Partnership Agreement were not definite; (5) there was no meeting of the minds; (6) the 2020 Partnership Agreement was obtained by fraud, misrepresentations, and lack of consideration; and (7) there are no arbitrable issues between the parties. ECF No. 1 ¶¶ 120, 121. Not one of these issues even touches on federal law.[4]

## B. Because Redgrave has a California-based partner, complete diversity does not exist

Complete diversity of citizenship, as alleged by Plaintiff, does not exist because one of Redgrave's partners resides in California. 28 U.S.C. § 1332(a) (noting Federal diversity jurisdiction requires that all parties to the action be "citizens of different states" or "citizens or subjects of a foreign state"); *see also Grupo Dataflux, L.P.,* 541 U.S. at 569 (holding Texas partnership having several Mexican partners deemed Mexican citizen (also citizen of Delaware and Texas based on its other partners' citizenship)).

Plaintiff alleges she resides in California. ECF No. 1 ¶ 13. She further alleges Redgrave "is a limited liability partnership organized and existing under the laws of the State of Delaware and has its principal place of business in Chantilly, Virginia." ECF No. 1 ¶ 15.  However, a partnership's citizenship for diversity purposes is determined by examining the citizenship of all the partners or members—not the location of the entity itself—so the location of Redgrave's principal place of

---

[4] It should also be noted Plaintiff does not allege that either Redgrave or Ogletree have a federal right or claim they could assert in an action against Plaintiff in a "coercive" action.

business is irrelevant to subject matter jurisdiction. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 84, fn. 1 (2005).  Instead, the Court must look to the citizenship(s) of each partner.  *See, e.g., Carden v. Arkoma Assocs.*, 494 U.S. 185, 194-95 (1990) (a limited liability partnership carries the citizenship(s) of each partner).

Here, at the time Hourigan filed her lawsuit and continuing to today, one of Redgrave's non-equity partners is a California resident. Vandegrift Decl. ¶ 3. Because Redgrave's citizenship is determined by the citizenship of each partner, regardless of class or type of partner, complete diversity does not exist.  *See EQT Production Co. v. Vorys, Sater, Seymour & Pase, LLP*, No. 6:15-CV-146-REW-EBA, 2018 WL 6790486 at *4 (E.D. Ky. Dec. 26, 2018) (rejecting argument that the court could look behind the title of a "Partner" to examine, for diversity purposes, whether the individual was a "non-equity partner" who had no "ownership or profits" interest in law firm; "under *Carden*, nominal partner status—i.e., status *vel non* as 'partner'— is the sockdolager") (citing multiple cases); *see also Clemmons v. Wells Fargo Bank*, N.A., 680 F. App'x 754, 757 (10th Cir. 2017) (analyzing diversity in LLC context, specifically including citizenship of "a non-ownership, non-equity member"); *W. Charleston Lofts III, LLC v. Farina*, No. 2:16-cv-2491-JADVCF, 2017 WL 2218310, at *3 (D. Nev. May 19, 2017) (rejecting argument that the citizenship of "a nominal member of an LLC" does not count in the diversity analysis as "repeatedly rejected" by the Supreme Court and Ninth Circuit (citing cases); "I follow the Supreme Court and the Ninth Circuit's lead in holding that an LLC member's citizenship counts for purposes of diversity, even if the member has a small interest in, or little control over, the company"). Accordingly, this Court cannot exercise diversity jurisdiction over this proceeding.

**C.** **The Court also lacks subject matter jurisdiction to hear Plaintiff's declaratory relief claim against Ogletree because there is no "actual controversy"**[5]

Even if the Declaratory Judgment Act somehow conferred subject matter jurisdiction in this case (which it does not), Hourigan's claim against Ogletree must fail because there is no "actual

---

[5] Based on meet and confer discussions with Hourigan on September 12, 2022, Defendants understand Hourigan agrees that there is no subject matter jurisdiction over Ogletree with respect to the declaratory relief claim. Mirsch Decl. ¶¶ 19, 20. In fact, Hourigan subsequently confirmed in writing that she would be amending her Complaint "This is correct unless I find a basis to keep

1   controversy" between her and Ogletree.[6] To meet the jurisdictional requirements, an action filed

2   under the Declaratory Judgment Act must present an "actual controversy" that is ripe for decision.

3   *See* 28 U.S.C. § 2201; *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972). An actual

4   controversy exists if the parties have adverse legal interests that are "of sufficient immediacy and

5   reality to warrant the issuance of a declaratory judgment." *Lake Carriers' Ass'n*, 406 U.S. at 506

6   (citation omitted).  The Ninth Circuit has held the "commands" imposed by Article III of the United

7   States Constitution "are not relaxed in the declaratory judgment context" and the "case-or-

8   controversy requirement [of Article III] is incorporated into the language of the very statute that

9   authorizes federal courts to issue declaratory relief." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d

10   1125, 1129 (9th Cir. 2005) (citing to 28 U.S.C. § 2201; "In a case of **actual controversy within its**

11   **jurisdiction**, ... any court of the United States, upon the filing of an appropriate pleading, may declare

12   the rights and other legal relations of any **interested party** seeking such declaration ...." (emphasis

13   added)).

14        Here, Plaintiff's declaratory relief claim against Ogletree does not satisfy the actual

15   controversy requirement, and the Court is deprived of subject matter jurisdiction to hear that portion

16   of her claim. Plaintiff's declaratory relief claim asks this Court to invalidate the 2020 Partnership

17   Agreement between Plaintiff and Redgrave. ECF No. 1, p. 22. Not only is Ogletree not alleged to be

18   a party to that agreement, Ogletree is not mentioned by name once in Count 1 of the Complaint. ECF

19   No. 1 ¶¶ 115 – 124.  Ogletree is only alleged to be Redgrave's legal representative in actions seeking

20   to enforce the 2020 Partnership Agreement against Plaintiff. *See, e.g.*, ECF No. 1 ¶ 39. There is

21   simply no viable legal theory that permits Plaintiff to seek a declaration of rights pertaining to the

22

23   ─────────────────────

24   Ogletree as a party for that cuase [sic] of action."  Mirsch Decl., ¶ 20, Ex. 10, p. 2. Ogletree therefore
     expects that Hourigan will amend her Complaint to address this issue. If she does not, Ogletree will
     proceed with filing the Rule 11 motion that was served on September 27, 2022. Mirsch Decl. ¶ 21.

25

26   [6] Plaintiff's inclusion of Ogletree in this lawsuit is a classic example of a "Strategic Lawsuit Against
     Public Participation." *See, e.g.*, Cal. Code Civ. Proc. § 425.16. It is axiomatic that acts during a
     judicial proceeding or other official proceeding authorized by law (such as an arbitration) are
27   considered protected conduct. *See, e.g.*, Cal. Civ. Code § 47(b); *see also Levin, Middlebrooks, Mabie,
     Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)
28   ("Absolute immunity must be afforded to any act occurring during the course of a judicial
     proceeding...").

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

2020 Partnership Agreement against Ogletree. Put simply, Hourigan's claim against Ogletree is a punitive act against legal counsel that should be sanctioned under Rule 11.

Consequently, there is no "actual controversy" between Ogletree and Plaintiff. Ogletree must be dismissed.[7]

## IV.   THE DISTRICT COURT SHOULD EXERCISE ITS DISCRETION AND DECLINE TO HEAR PLAINTIFF'S LATER-FILED DECLARATORY RELIEF ACTION

"The exercise of discretion under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts[.]" *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002) (internal citations omitted); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008). As noted above, the Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States ... **may** declare the rights and other legal relations of any interested party seeking such declaration ...." 28 U.S.C. § 2201 (emphasis added). Congress "deliberately cast" the Act "in terms of permissive, rather than mandatory, authority" and thus "gave the federal courts competence to make a declaration of rights; [rather than] impos[ing] a duty to do so." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)) (internal quotations and citations omitted). Federal courts therefore enjoy "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

In *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491 (1942), the Supreme Court considered the power of federal courts to grant declaratory relief when there is a parallel suit proceeding in state court. The Court wrote: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the parties." *Id.* at 495. Thus, "when a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state

---

[7] Ogletree should also be dismissed as a misjoined party under Rule 21 of the Federal Rules of Civil Procedure.

court." *Chamberlain   v.   Allstate   Ins.   Co.,* 931   F.2d   1361,   1366–67   (9th   Cir.   1991) (citing *Brillhart*). The Court in *Chamberlain* suggested that federal courts should decline to issue declaratory relief if the federal court (1) would "needlessly determine issues of state law," (2) help a party "avoid state court proceedings," or (3) cause "duplicitous litigation." *Id.* at 1367.

At least three decisions in the Northern District have come to a similar conclusion.  The courts in *Google, Inc. v. Microsoft Corp.,* 415 F. Supp. 2d 1018 (N.D. Cal. 2005), *Schmitt v. JD Edwards World Solutions Co.,* No. C 01–1009 VRW, 2001 WL 590039 (N.D. Cal. May 18, 2001), and *DeFeo v. Procter & Gamble Co.,* 831 F. Supp. 776 (N.D. Cal. 1993) all declined to issue declarations on the enforceability of employment covenants not to compete where cases involving the same covenants were already filed in state courts. For example, in the most recent of these actions, the *Google* case, this Court refused to proceed in an action removed to it from the California Superior Court seeking a declaration that an employment covenant not to compete violated California public policy. Plaintiff, a former Microsoft employee, quit his job with the defendant to work for an allegedly competing firm, Google. Pursuant to the forum selection clause in the plaintiff's employment contract, the former employer brought suit in Washington state court for, *inter alia,* breach of the covenant not to compete.  415 F. Supp. 2d at 1020. Plaintiff then brought suit in a California Superior Court, seeking a declaration that the covenant not to compete was invalid and unenforceable under California law. *Id.* Microsoft, removed to federal court and moved to dismiss, stay, or transfer. The Court held that "continuing to hear arguments in California would potentially waste judicial resources." *Id.* at 1022.

Here, if this Court were to retain this proceeding by finding jurisdiction, it would be needlessly determining issues of state law (Delaware), would be helping Plaintiff avoid the identical Florida proceeding initiated by Redgrave over five months ago, and would be furthering duplicative litigation. This case is already being litigated in Pinellas County Circuit Court. Plaintiff already filed a motion to dismiss in that action, and Redgrave has filed its opposing brief. The hearing on Plaintiff's motion to dismiss in the Florida lawsuit, which raises identical arguments concerning the enforceability of the 2020 Partnership Agreement, is set for November 14, 2022. By the time this Court reaches the merits of Plaintiff's claims, the Pinellas County Court most likely will already

have ruled on that motion.

Assuming this Court has subject matter jurisdiction to hear Plaintiff's claims (which it does not), this Court should exercise its discretionary authority under the Declaratory Judgment Act and decline to hear Plaintiff's declaratory relief claim.

## V.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request this Court dismiss the action.

DATED:  September 29, 2022                    OGLETREE, DEAKINS, NASH, SMOAK &
                                             STEWART, P.C.


                                             By:   */s/ Drake A. Mirsch*
                                                   Vince M. Verde
                                                   Drake A. Mirsch
                                                   Attorneys for Defendants
                                                   Redgrave LLP and Ogletree, Deakins, Nash,
                                                   Smoak & Stewart, P.C.