Vince M. Verde CA Bar No. 202472
vince.verde@ogletree.com
Drake A. Mirsch CA Bar No. 328526
drake.mirsch@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:     714-800-7900
Facsimile:     714-754-1298

Attorneys for Defendants
Redgrave LLP and Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KAREN O. HOURIGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REDGRAVE LLP; and OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.,<br><br>　　　　Defendants. | Case No. 3:22-cv-04303-LB<br><br>**DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Hearing Date:　Thursday, December 1, 2022<br>Time:　　　　9:30 a.m.<br>Location:　　San Francisco Courthouse, Courtroom B – 15th Floor<br>　　　　　　450 Golden Gate Ave., San Francisco, CA 94102<br><br>Complaint Filed: July 26, 2022<br>Trial Date:　　None Set<br>Magistrate Judge: Hon. Laurel Beeler |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that on Thursday, November 3, 2022, at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom B located at 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable Laurel Beeler, Defendant Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree") will and does move this Court for an order for sanctions to be awarded against Plaintiff Karen Hourigan ("Plaintiff" or "Hourigan"), an experienced attorney who is appearing pro se, in favor of Ogletree.

This motion is made on the grounds that Plaintiff continues to maintain this action against Ogletree in violation of Rule 11, even though the factual and legal contentions in her Complaint as to Ogletree are without evidentiary support and are both contrary to and not warranted under existing law.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Drake Mirsch, the pleadings and papers on file in this case and any other evidence or argument as may be presented to the Court at or before the hearing on this motion.

DATED: September 27, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Drake A. Mirsch*
Vince M. Verde
Drake A. Mirsch
Attorneys for Defendants
Redgrave LLP and Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Hourigan - Notice of Motion and

2    Case No. 3:22-cv-04303-LB
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Pro Se Plaintiff Karen Hourigan ("Plaintiff" or "Hourigan") was admitted to the California State Bar over 20 years ago on June 1, 2000.[1] She is a seasoned attorney with over two decades of experience practicing before Federal courts and even clerked in Federal district court on three separate occasions—two of which were in this very district.[2] Yet, on July 26, 2022, Hourigan filed a **verified** complaint in this Court attempting to enjoin her former employer, Redgrave LLP ("Redgrave"), and its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree"), from proceeding in a previously filed arbitration before JAMS. Hourigan included Ogletree as a defendant for an improper purpose, as she is apparently seeking to punish Ogletree for representing her former employer and interfere with Redgrave's fundamental right to be represented by its counsel of choice. Not only is Hourigan's lawsuit against Ogletree a classic Strategic Lawsuit Against Public Participation and barred by the litigation privilege, it also lacks any factual or legal foundation. Notably, even though Ogletree is a named defendant, Hourigan neither alleges any actionable wrongdoing by Ogletree nor seeks a declaration of her rights or obligations with regard to Ogletree. *See* Prayer For Relief, ECF No. 1, pgs. 25-26.

Hourigan's inclusion of Ogletree as a named defendant in this verified declaratory relief action is grossly improper and frivolous. Hourigan's inclusion of Ogletree is particularly egregious when examined in detail and in light of Hourigan's legal knowledge and experience and her refusal to dismiss her complaint against Ogletree when these deficiencies were brought to her attention—despite her acknowledgment that Ogletree is not a proper party under the Declaratory Judgment Act. Rule 11 required Hourigan to conduct a proper investigation into the factual and legal arguments she was raising against Ogletree at the time she filed her verified complaint. She did no such thing, and her conduct should be sanctioned.

---

[1] Attorney Profile, Karen O'Brien Hourigan, https://apps.calbar.ca.gov/attorney/Licensee/Detail/206957.
[2] LinkedIn, Karen Hourigan, https://www.linkedin.com/in/karen-hourigan-4034b57?trk=public_post_share-update_actor-text.

## II. **Factual Background**

### a. Hourigan's "claim" against Ogletree

This lawsuit stems from an arbitration Redgrave initiated against Hourigan in April 2022. *See, e.g.*, ECF No. 1 ¶ 39. In that arbitration, Redgrave is represented by Ogletree. *See id*. The crux of the arbitration is a partnership dispute between Redgrave and Hourigan. *See id*.

More than three months after Redgrave filed its lawsuit against Hourigan, she began this proceeding against Redgrave and its counsel, Ogletree, on July 25, 2022. ECF No. 1. She also filed an ex parte application for a temporary restraining order (without notice). ECF No. 4. Although Hourigan frames her Complaint as one seeking declaratory and injunctive relief against Ogletree (ECF No. 1, p. 25), she does not allege that Ogletree is a party to the 2020 Partnership Agreement, which is the agreement Hourigan seeks a declaration about. ECF No. 1 ¶¶ 115 – 124. Further, Ogletree is not mentioned by name once in Count 1 of the Complaint, which is her request for declaratory relief. *See id*. Curiously, Hourigan's allegations about Ogletree only concern Ogletree's representation of Redgrave in connection with Redgrave's enforcement of the 2020 Partnership Agreement. *See, e.g.*, ECF No. 1 ¶ 39.

As noted, Hourigan does not seek a declaratory order against Ogletree under the Declaratory Judgment Act (*see id.*); and Ogletree is not mentioned by name once in Hourigan's prayer for relief. *See id*. Instead, Ogletree is only mentioned in a passing and joint reference to "Defendants" when Hourigan requests an order that "Defendants… preserve all relevant evidence…," even though nothing in the Complaint even suggests there might be any need for a preservation order in this case. *See id*.

### b. Meet and Confer Efforts

On August 12, 2022, the parties appeared before this Court on Hourigan's ex parte application for a temporary restraining order. ECF No. 17. At the hearing, Defendants' counsel informed the Court and Hourigan that this Court lacked subject matter jurisdiction. Trans. Ex. Parte Procd., ECF No. 22, p. 9, lns. 7-14; *see also* Mirsch Decl. ¶ 3, Exh. 1. The parties also telephonically met and conferred over the jurisdictional issues on Friday, August 19, 2022, and then again on September 12, 2022. Mirsch Decl. ¶ 5, 7. Counsel for Ogletree even outlined the jurisdictional issues in writing for

Hourigan on August 15, 2022 and on September 8, 2022. Mirsch Decl. ¶ 4, Exh. 2; ¶ 6, Exh. 3. Notably, when the parties conferred on September 12, 2022, Hourigan acknowledged that Ogletree is not a proper party under the Declaratory Judgment Act and indicated that she would be amending her complaint to remove Ogletree from that claim. Mirsch Decl. ¶ 7. Despite subsequently confirming in writing that she agreed and would be amending her complaint "unless I find a basis to keep Ogletree as a party for that cuase [sic] of action," Hourigan has yet to amend her complaint to remove the declaratory judgment claim against Ogletree. Mirsch Decl. ¶ 9, Exh. 5.

### c. Rule 11 Notice Requirements

To allow Hourigan time to dismiss Ogletree and avoid sanctions, on September 27, 2022, Defendants served Hourigan with this Motion.[3] Mirsch Decl. ¶ 11. Defendants waited 21 days to file this motion after it was initially served to comply with Rule 11's safe harbor provision.

### III. Hourigan Violated Rule 11

### a. Legal Standard

Although she is appearing pro se, Hourigan is an experienced attorney and admitted to practice before this Court. As noted earlier, she has even served this Court as a law clerk. Rule 11 imposes a duty on all attorneys to certify by their signature that any pleading, motion or paper they submit (1) is not filed for an improper purpose, (2) the claims are warranted by existing law, (3) the factual contentions have evidentiary support, and (4) the denials of factual contentions are warranted on the evidence. Under Rule 11, attorneys who violate their certification that a pleading is not being presented for any improper purpose and/or that the factual contentions have evidentiary support are subject to sanctions. FED. R. CIV. P. 11(c).

The certification is designed to create an **affirmative** duty of **investigation** both as to law and as to fact, and thus deter frivolous actions and costly meritless maneuvers. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 US 533, 543 (1991); *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F. 2d 1531, 1536 (9th Cir. 1986); *Source Vagabond Systems Ltd. v. Hydrapak, Inc.*, 753 F. 3d 1291, 1298 (Fed. Cir. 2014). Whether the certification is violated is tested

---

[3] Defendants will file and serve their motion to dismiss on September 29, 2022.

objectively. *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F. 3d 320, 332 (6th Cir. 2007) ("[A] good-faith belief in the truth of the jurisdictional facts alleged to support removal is insufficient without reasonable inquiry to support the objective reasonableness of that belief."). Although the standard is objective, courts consider whether the signer is an attorney or party in pro se; and also the attorney's degree of experience. *Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern Calif.*, 790 F. 2d 1421, 1426 (9th Cir. 1986). Here, Hourigan is a highly experienced attorney, having practiced law both nationally and in this Court for more than 20 years.

Where it is "patently clear that a claim has absolutely no chance of success under the existing precedents" and "no reasonable argument can be advanced to extend, modify or reverse the law as it stands," sanctions are warranted. *Golden Eagle Dist. Corp.*, 801 F.2d at 1538. Sanctions are further warranted where no "plausible, good faith argument can be made by a competent attorney to the contrary." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999) (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829, 833 (9th Cir. 1986)).

Courts have imposed sanctions under Rule 11 where attorneys/parties have failed to properly investigate jurisdictional allegations. *See, e.g., Hendrix v. Naphtal*, 971 F. 2d 398, 400 (9th Cir. 1992) (holding failure to conduct a reasonable interview regarding plaintiff's domicile breached attorney's Rule 11 obligations). Rule 11 sanctions have also been imposed for filing a complaint which the plaintiff must have known lacked a factual foundation for federal court subject matter jurisdiction. *Orange Production Credit Ass'n v. Frontline Ventures Ltd.*, 792 F. 2d 797, 801 (9th Cir. 1986).

Here, sanctions under Rule 11 are appropriate because the factual and legal contentions in the Complaint do not have evidentiary support sufficient to warrant a claim against Ogletree. In spite of having no factual or legal grounds for naming Ogletree as a defendant, Hourigan continues to pursue claims that are not warranted by existing law.

   b. **<u>Hourigan's verified Complaint violates Rule 11 because the factual and legal contentions therein do not have evidentiary support.</u>**

There is no subject matter jurisdiction to hear Plaintiff's claim for declaratory relief against Ogletree. To meet the jurisdictional requirements, an action filed under the Declaratory Judgment Act must present an "actual controversy" that is ripe for decision. *See* 28 U.S.C. § 2201; *Lake*

*Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972). An actual controversy exists if the parties have adverse legal interests that are "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Lake Carriers' Ass'n*, 406 U.S. at 506 (citation omitted). The Ninth Circuit has held the "commands" imposed by Article III of the United States Constitution "are not relaxed in the declaratory judgment context" and the "case-or-controversy requirement [of Article III] is incorporated into the language of the very statute that authorizes federal courts to issue declaratory relief." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F. 3d 1125, 1129 (9th Cir. 2005) ("In a case of **actual controversy within its jurisdiction**, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any **interested party** seeking such declaration ...." (emphasis added)).

Here, Plaintiff's declaratory relief claim against Ogletree does not satisfy the actual controversy requirement and the Court is deprived of subject matter jurisdiction to hear that portion of her claim. Plaintiff's declaratory relief claim asks this Court to invalidate the 2020 Partnership Agreement between Plaintiff and Redgrave. ECF No. 1, pgs. 22-23. Not only is Ogletree not alleged to be a party to that agreement, Ogletree is not mentioned by name once in Count 1 of the Complaint. ECF No. 1 ¶¶ 115 – 124. Nor does Hourigan seek any actual declaration of her rights against Ogletree in her Prayer for Relief. ECF No. 1, pgs. 25-26. Hourigan only alleges that Ogletree is Redgrave's legal representative in proceedings to enforce the 2020 Partnership Agreement against Plaintiff. *See, e.g.*, ECF No. 1 ¶ 39. Her actions seek to prevent Ogletree from effectively representing Redgrave when the only relief she needs (assuming her case here had any merit) is an injunction against Redgrave to prevent it from pursuing its rights to arbitrate the dispute with her. There is no viable legal theory that permits Plaintiff to seek a declaration of rights pertaining to the 2020 Partnership Agreement against Ogletree. Hourigan's claim against Ogletree is a punitive act against legal counsel that should be subject to sanctions under Rule 11.

IV. **Plaintiff's Claims Against Ogletree are an Affront to Redgrave's Right to be Represented by Counsel of Its Choosing**

Hourigan's Complaint advances a troubling outlook on a party's right to be represented by counsel. The law does not allow a litigant to seek relief in another court and sue an opposing party's

attorney any time he or she dislikes an opposing party's legal strategy. However, this proposition is anathema to decades of judicial precedent on litigation privilege.

The litigation privilege is simple: any communication, which includes conduct, is absolutely privileged if made in a judicial or quasi-judicial proceeding. *See generally* Cal. Civ. Code § 47 (b); *see also Smith v. Hatch*, 271 Cal. App. 2d 39, 46 (1969) (noting the privilege protects judges, attorneys, parties, witnesses, jurors, and other participants in judicial proceedings). The absolute privilege recognized under section 47 is extended to communications or conduct made during the course of arbitration proceedings. *See, e.g.*, *Ribas v. Clark*, 38 Cal. 3d 355, 364 (1985); *Moore v. Conliffe*, 7 Cal. 4th 634, 643 (1994) (applying section 47 to a private, contractual arbitrations).

"The principal purpose of [Civil Code section 47] is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions…. Section 47(2) promotes the effectiveness of judicial proceedings by encouraging 'open channels of communication and the presentation of evidence' in judicial proceedings. A further purpose of the privilege 'is to assure utmost freedom of communication between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing.' Such open communication is 'a fundamental adjunct to the right of access to judicial and quasi-judicial proceedings.' Since the 'external threat of liability is destructive of this fundamental right and inconsistent with the effective administration of justice,' courts have applied the privilege to eliminate the threat of liability for communications made during all kinds of truth-seeking proceedings: judicial, quasi-judicial, legislative and other official proceedings." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (internal citations omitted).

Here, Plaintiff's inclusion of Ogletree in this lawsuit falls squarely within the litigation privilege and is a classic example of a "Strategic Lawsuit Against Public Participation."[4] *See generally* Cal. Code Civ. Proc. § 425.16. Protected activity under the anti-SLAPP statute includes

---

[4] "Strategic Lawsuit Against Public Participation (SLAPP suit) refers to lawsuits brought by individuals and entities to dissuade their critics from continuing to produce negative publicity. By definition, SLAPP suits do not have any true legal claims against the critics. People bring SLAPP suits because they can either temporarily prevent their critics from making public statements against them or more commonly to make critics spend all of their time and resources defending the SLAPP suits." Legal Information Institute, Cornell Law School, https://www.law.cornell.edu/wex/slapp_suit (last access Sept. 25, 2022).

conduct considered under the litigation privilege, such as the "basic act of filing litigation." *See generally Navallier v. Sletten*, 29 Cal. 4th 82, 91-92 (2002). A cursory review of Plaintiff's Complaint shows this lawsuit is a "Strategic Lawsuit Against Public Participation." While Ogletree is mentioned 79 separate times in Plaintiff's lawsuit, the following few examples illustrate this point:

- "Ogletree **filed** a Declaratory Judgment Action on April 26, 2022 in Pinellas County, Florida on behalf of Redgrave LLP and against Plaintiff." ECF No. 1, ¶ 2 (emphasis added).

- "[O]n April 29, 2022, Ogletree **submitted** a Demand for Arbitration with JAMS on behalf of Redgrave LLP and against Plaintiff." ECF No. 1, ¶ 3 (emphasis added).

- "Ogletree has **filed** two separate proceedings against Plaintiff where venue is improper and where Redgrave, through its counsel, Ogletree, contends that Plaintiff is compelled to arbitrate this employment dispute at JAMS. Redgrave LLP and Ogletree advance an argument that Plaintiff is subject to a mandatory arbitration provision of a '2020 Partnership Agreement' that she has never seen, and the Parties agree that she did not sign." ECF No. 1, ¶ 39 (emphasis added).

- "On April 22, 2022, Ogletree transmitted a letter to Plaintiff's prior counsel. This letter (1) threatened to pursue claims against Plaintiff by invoking the partnership agreement, (2) proposed (again) that the parties participate in voluntary mediation, and (3) requested, for the first time, that Plaintiff make herself available for an interview with Ogletree." ECF No. 1, ¶ 78.

While Hourigan does not presently seek damages against Ogletree directly, her Complaint makes clear that she seeks to chill Ogletree's representation of Redgrave by asserting claims against Ogletree which stems from its representation of Redgrave.

Hourigan should know she may not sue her opposing party's attorney and seek an injunction or declaratory judgment against them merely because she disagrees with the legal theory they are advancing or dislikes the forum in which they may appear (e.g., the JAMS arbitration). Her actions here are contrary to the statutory and constitutional protections of our judicial system. Hourigan's lawsuit against Ogletree is barred by the litigation privilege. Redgrave has a right to representation

of its choice, and Ogletree must be able to undertake that representation and engage in protected conduct without the threat of suit.

## V. Hourigan's Frivolous Action Impairs Ogletree's Ability to Represent Redgrave and Has Forced Ogletree to Spend Signifcant Attorney Time on these Issues

At the outset of this action, Ogletree immediately informed Hourigan that this Court lacked subject matter jurisdiction. Hourigan even acknowledged that she was aware by September 12, 2022, that Ogletree is not a proper party under the Declaratory Judgment Act.  Mirsch Decl. ¶ 9, Exh. 5. Despite this, Hourigan continued pursuit of her meritless claims, which warrants sanctions under Rule 11. Although the exact nature of sanctions to be awarded is within the Court's discretion, the exercise of that discretion should be informed by Hourigan's status as an experienced attorney and admitted to practice before this Court. *See* FED. R. CIV. P. 11(c)(4) (prescribing sanctions should be "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated").

Here, even though Ogletree has spent signifcant attorney time associated with Hourigan's conduct, Ogletree only seeks non-monetary damages associated with this Motion. Ogletree requests the Court impose the following sanctions:

- strike the Complaint against Ogletree;
- issue an admonition or reprimand of Hourigan or censure Hourigan for her conduct;
- order Hourigan to participate in 10 hours of continuing legal education on the topics of anti-SLAPP and First Amendment issues; and
- prohibit Hourigan from filing any additional claims or lawsuits against Ogletree without first obtaining leave of court.[5]

*See* Committee Notes on Amendments FED. R. CIV. PROC., 146 F.R.D. 401, 587 (1993); *see also Weissman v. Quail Lodge Inc.*, 179 F. 3d 1194, 1198 (9th Cir. 1999) (holding formal reprimand of an attorney by district court is a possible sanction); *Molski v. Evergreen Dynasty Corp.*, 500 F. 3d 1047, 1064 (9th Cir. 2007) (holding law firm that filed frivolous claims under the Americans with Disabilities Act ordered to obtain leave of court before filing any new complaint alleging such

---

[5] When Ogletree approached Hourigan about the frivolity of her claims against Ogletree, Hourigan represented she might amend her complaint to assert a number of additional claims against Ogletree. Mirsch Decl. ¶¶ 7-9, Exh. 5.

injuries); *Willhite v. Collins*, 459 F. 3d 866, 870 (8th Cir. 2006); *LaVigna v. WABC Television*, 159 F.R.D. 432, 437 (S.D. N.Y. 1995).

### VI. Conclusion

For the foregoing reasons, Ogletree respectfully requests that the Court grant this Motion and issue an order (1) dismissing Hourigan's action against Ogletree in its entirety, with prejudice, and (2) imposing the following sanctions:

- strike the Complaint against Ogletree;
- admonish, reprimand, or censure Hourigan for her conduct;
- order Hourigan to participate in 10 hours of continuing legal education on the topics of anti-SLAPP and First Amendment issues; and
- prohibit Hourigan from filing any additional claims or lawsuits against Ogletree without first obtaining leave of court.

DATED: September 27, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Drake A. Mirsch*
Vince M. Verde
Drake A. Mirsch
Attorneys for Defendants
Redgrave LLP and Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

**PROOF OF SERVICE**
*Karen O. Hourigan v. Redgrave LLP, et al.*
Case No. 3:22-cv-04303-LB

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On September 27, 2022, I served the following document(s):

**DEFENDANT OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☒ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:
☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

☐ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     **(Federal)**     I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐     **(Federal)**     I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 27, 2022, at Costa Mesa, California.

*/s/ Theresa Fontes*
Theresa Fontes

**SERVICE LIST**

| | |
|---|---|
| Karen O. Hourigan, Esq.<br>1706 Waller Street<br>San Francisco, CA  94117<br>Telephone:     415-371-9255<br>khourigan@exitherasap.com | Plaintiff *in pro per* |