Karen O. Hourigan (SBN 206957)
1706 Waller Street
San Francisco, California 94117
Telephone: 415.371.9255
E-mail: khourigan@exitherasap.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN O. HOURIGAN, <br><br> Plaintiff, <br><br> vs. <br><br> REDGRAVE LLP; and OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., <br><br> Defendants. | Case Number: 3:22-cv-4303-LB <br><br> **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** <br><br> Date:     November 17, 2022 <br> Time:    9:30 a.m. <br> Location: 450 Golden Gate Avenue <br> Courtroom B <br> San Francisco, CA 94102 |

Plaintiff Karen O. Hourigan ("Plaintiff") hereby submits the following objections to the evidence submitted in support of Defendants' Reply (ECF No. 30).  *See* Civil L.R. 7-3(d)(1).

## I. OBJECTIONS TO DECLARATION OF MICHAEL BONANNO

It appears that the sole purpose of Mr. Bonanno's declaration is to make the point that Ms. Redgrave's receipt of a K-1 (that is not attached to Mr. Bonanno's declaration) proves that she is an owner at Redgrave LLP.  Therefore, Redgrave LLP remains its status as a Delaware limited liability partnership.  This violates Civil L.R. 7-5(2)(b) because it states a legal conclusion (an incorrect one) and is argumentative.  For this reason, the Court can and should strike Mr. Bonanno's declaration in its entirety.  For the same reasons portions of Ms. Vandegrift's supplemental declaration must be excluded from evidence (see below), Mr. Bonanno's declaration should be excluded.  Mr. Bonanno also misstates prior testimony (e.g., Plaintiff never claimed Ms. Redgrave retired from Redgrave LLP) and redacts information in violation of Civil L.R. 79-5.  Plaintiff's additional specific objections are set forth below.

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| ¶3 "The operative Partnership Agreement is kept in the course of Redgrave's regularly conducted business practices, and the making of it was a regular business practice." | Lack of personal knowledge/ lack of foundation/speculation (Fed. R. Evid. 602).<br><br>Irrelevant and misleading (Fed. R. Evid. 401, 402, 403).<br><br>Irrelevant and prejudicial (Fed. R. Evid. 402, 403).<br><br>Hearsay (Fed. R. Evid. 801(c)). | Sustained _____<br><br>Overruled _____ |
| ¶4 "Redgrave is a Delaware limited liability partnership that was formed in 2010. Redgrave files annual reports in Delaware and has remained in business continuously since 2010." | Lack of personal knowledge/ lack of foundation/speculation (Fed. R. Evid. 602)<br><br>Argumentative; improper legal conclusion (Civil L.R. 7-5(2)(b).<br><br>Irrelevant and misleading (Fed. R. Evid. 401, 402, 403). | Sustained _____<br><br>Overruled _____ |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| | Irrelevant and prejudicial (Fed. R. Evid. 402, 403).<br><br>Improper legal conclusion (Fed. R. Evid. 701).<br><br>Hearsay (Fed. R. Evid. 801(c)).<br><br>Best evidence rule (Fed. R. Evid. 1002). | |
| ¶6 "Specifically, I understand that Plaintiff contends that with Ms. Redgrave's retirement from the Firm as of 2021, and with all partners but Mr. Redgrave being "non-equity" partners under the Partnership Agreement, that the Partnership entity somehow no longer exists." | Misstates prior testimony.<br><br>Argumentative; improper legal conclusion (Civil L.R. 7-5(2)(b).<br><br>Irrelevant and misleading (Fed. R. Evid. 401, 402, 403).<br><br>Irrelevant and prejudicial (Fed. R. Evid. 402, 403).<br><br>Improper legal conclusion (Fed. R. Evid. 701).<br><br>Hearsay (Fed. R. Evid. 801(c)).<br><br>Best evidence rule (Fed. R. Evid. 1002). | Sustained _____<br><br>Overruled _____ |
| ¶6 "That is not correct—the circumstances of Ms. Redgrave's retirement have not changed the fact that Redgrave remains in existence as a valid Delaware limited liability partnership." | Argumentative; improper legal conclusion (Civil L.R. 7-5(2)(b).<br><br>Irrelevant and misleading (Fed. R. Evid. 401, 402, 403).<br><br>Irrelevant and prejudicial (Fed. R. Evid. 402, 403).<br><br>Improper legal conclusion (Fed. R. Evid. 701).<br><br>Hearsay (Fed. R. Evid. 801(c)).<br><br>Best evidence rule (Fed. R. Evid. 1002). | Sustained _____<br><br>Overruled _____ |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| ¶7 "Until such time as she is fully paid out, she has received and will continue to receive, a Schedule K-1that reflects these payments." | Lack of personal knowledge/ lack of foundation/speculation (Fed. R. Evid. 602).<br><br>Irrelevant and misleading (Fed. R. Evid. 401, 402, 403).<br><br>Irrelevant and prejudicial (Fed. R. Evid. 402, 403). | Sustained _____<br><br>Overruled _____ |

## II.   OBJECTIONS TO SUPPLEMENTAL DECLARATION OF DRAKE MIRSCH

It appears that the sole purpose of Mr. Mirsch's supplemental declaration is to make the point that the background check obtained by Ms. Jozsi (that is not attached to Mr. Mirsch's declaration) is not subject to the Fair Credit Reporting Act. This violates Civil L.R. 7-5(2)(b) because it states a legal conclusion and is argumentative. For this reason, the Court can and should strike Mr. Mirsch's supplemental declaration in its entirety. In addition, Mr. Mirsch also misstates prior testimony (e.g., Ms. Jozsi referred to the LexisNexis report as a "background check" in her declarations). Mr. Mirsch's incorporation of portions of the report obtained by Ms. Jozsi, but not the entire report, violates the doctrine of completeness. Fed. R. Evid. 106. Plaintiff's additional specific objections are set forth below.

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| ¶3 "I have read Plaintiff Karen Hourigan's ("Plaintiff") opposition brief and understand she is now alleging Ogletree violated her rights under the Fair Credit Reporting Act by obtaining what she claims is a "consumer report" obtained through LexisNexis. Plaintiff is wrong." | Argumentative; improper legal conclusion (Civil L.R. 7-5(2)(b).<br><br>Misstates prior testimony of Ms. Jozsi (she called the report a "background check").<br><br>Irrelevant and misleading (Fed. R. Evid. 401, 402, 403).<br><br>Irrelevant and prejudicial (Fed. R. Evid. 402, 403).<br><br>Improper legal conclusion (Fed. R. Evid. 701). | Sustained _____<br><br>Overruled _____ |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| ¶5 "There is a disclosure at the end of the report that states:…." | Hearsay (Fed. R. Evid. 801(c)).<br><br>Doctrine of completeness (Fed. R. Evid. 106)<br><br>Best evidence rule (Fed. R. Evid. 1002) | Sustained _____<br><br>Overruled _____ |
| ¶6 "Further, records obtained through LexisNexis' Public Records search are not considered "consumer reports" under the FCRA." | Argumentative; improper legal conclusion (Civil L.R. 7-5(2)(b).<br><br>Irrelevant and misleading (Fed. R. Evid. 401, 402, 403).<br><br>Irrelevant and prejudicial (Fed. R. Evid. 402, 403).<br><br>Improper legal conclusion (Fed. R. Evid. 701).<br><br>Hearsay (Fed. R. Evid. 801(c)). | Sustained _____<br><br>Overruled _____ |
| ¶7 "In short, Ogletree did not obtain a 'consumer report' about Plaintiff." | Argumentative; improper legal conclusion (Civil L.R. 7-5(2)(b).<br><br>Misstates prior testimony of Ms. Jozsi (she called the report a "background check").<br><br>Irrelevant and misleading (Fed. R. Evid. 401, 402, 403).<br><br>Irrelevant and prejudicial (Fed. R. Evid. 402, 403).<br><br>Improper legal conclusion (Fed. R. Evid. 701). | Sustained _____<br><br>Overruled _____ |

### III. OBJECTIONS TO SUPPLEMENTAL DECLARATION OF EMILY VANDEGRIFT

Defendants failed to cure the evidentiary deficiencies in Ms. Vandegrift's original declaration. Ms. Vandegrift's supplemental declaration remains inadmissible hearsay. Her testimony does not tend to prove that the business record exception applies to her inadmissible

hearsay statements because Ms. Vandegrift has not shown all the elements of Fed. R. Evid. 803(6) have been met.  Moreover, Plaintiff has shown that Redgrave LLP's "record-keeping" methods indicate a lack of trustworthiness in Ms. Vandegrift's testimony in her declaration. Further, Ms. Vandegrift does not have personal knowledge regarding Mr. Evans' hiring or the creation of his personnel file because she did not work at Redgrave LLP when he started there in 2018.  In contrast, Plaintiff did work at Redgrave LLP then.  Finally, Defendants' failure to provide any written documentation tending to show where Mr. Evans resides violates the Best Evidence Rule.  Fed. R. Evid. 1002.  Plaintiff's additional specific objections are set forth below.

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| ¶2 "Specifically, within Mr. Evans' personnel file, I reviewed the following documents to ascertain his residency: his payroll enrollment forms and witholding [sic] forms for the state of California and Federal taxes." | Best evidence rule (Fed. R. Evid. 1002). | Sustained _____<br><br>Overruled _____ |
| ¶3 "Mr. Evans' personnel file was generated at the time he was hired and has been routinely updated throughout his employment at Redgrave." | Lack of personal knowledge/ lack of foundation/speculation (Fed. R. Evid. 602). | Sustained _____<br><br>Overruled _____ |
| ¶3 "The information contained in the personnel file pertaining to Mr. Evans' residence was provided by Mr. Evans at the time he was hired." | Lack of personal knowledge/ lack of foundation/speculation (Fed. R. Evid. 602). | Sustained _____<br><br>Overruled _____ |
| ¶3 "Mr. Evans' personnel file is kept in the course of Redgrave's regularly conducted hiring practices, and the making of the personnel file was a regular practice of hiring." | Lack of personal knowledge/ lack of foundation/speculation (Fed. R. Evid. 602).<br><br>Irrelevant and misleading (Fed. R. Evid. 401, 402, 403).<br><br>Irrelevant and prejudicial (Fed. R. Evid. 402, 403). | Sustained _____<br><br>Overruled _____ |

Date: October 27, 2022          By:  /s/ Karen O. Hourigan

**PROOF OF SERVICE**

I, the undersigned, say: I am a citizen of the United States and am over the age of 18. On October 27, 2022, I served the following document:

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

By posting the document to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as listed on the attached Court's ECF Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 27, 2022, at San Francisco, California.

/s/ *Karen O. Hourigan*

Karen O. Hourigan