1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

San Francisco Division

11

| | |
|---|---|
| KAREN O'BRIEN HOURIGAN, | Case No. 22-cv-04303-LB |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | Re: ECF No. 25 |
| REDGRAVE LLP, et al., | |
| Defendants. | |

**INTRODUCTION**

The plaintiff sued her former employer (the law firm Redgrave LLP) and Redgrave's counsel (Ogletree, Deakins, Nash, Smoak & Stewart, P.C.) for declaratory and injunctive relief and wants to stop the defendants from compelling her to arbitrate her employment dispute with Redgrave.[1] The defendants moved to dismiss the complaint for lack of subject-matter jurisdiction.[2] The court grants the defendants' motion. There is no diversity jurisdiction because the plaintiff and defendant Redgrave are California citizens. The plaintiff does not establish federal-question jurisdiction because her claim under the Declaratory Judgment Act is not based on rights that the

---

[1] Compl. – ECF No. – 1 at 22–26 (¶¶ 115–138). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 25.

ORDER – No. 22-cv-04303-LB

United States District Court
Northern District of California

1    defendants could have asserted under federal law. The complaint is dismissed with leave to amend

2    because it is possible that the plaintiff could cure the jurisdictional defects.

3

4                                              **STATEMENT**

5           The plaintiff is an attorney and was a founding partner of defendant Redgrave.[3] In 2016,

6    Redgrave presented the plaintiff with an amended partnership agreement that would have changed

7    her status from an equity partner to a non-equity partner.[4] The plaintiff declined to sign the

8    agreement.[5] Instead, the plaintiff withdrew from the partnership pursuant to a "Mutual Release,

9    Indemnification, and Certification Agreement" (the 2016 Agreement).[6]

10          The plaintiff worked at Redgrave until 2018, when she was allegedly constructively

11   discharged.[7] The terms of her departure from Redgrave in 2018 were memorialized in an

12   Agreement and General Release that was finalized in January 2019 (the January 2019 Agreement).[8]

13          In March 2021, Redgrave rehired the plaintiff as a non-equity partner.[9] Redgrave sent her a

14   compensation memorandum on March 9, 2021, and then sent her an updated offer letter and

15   compensation memorandum on March 19, 2021. The March 19 offer letter and compensation

16   memorandum purportedly identified the terms of her employment and responded to the plaintiff's

17   proposed changes to the March 9 compensation memorandum.[10] The March 19 offer letter stated

18   that the firm would provide her with a copy of the Partnership Agreement and a Joinder

19   Agreement reflecting the plaintiff's acceptance of the Partnership Agreement.[11] The plaintiff "has

20   never seen a '2020 Partnership Agreement' as that term is used in Redgrave LLP's legal actions

21

22   [3] Compl. – ECF No. 1 at 4 (¶ 12).

23   [4] *Id.* at 4–5 (¶ 19).
     [5] *Id.* at 5 (¶ 20).

24   [6] *Id.* (¶ 21).

25   [7] *Id.* (¶ 23).

26   [8] *Id.* (¶ 2).
     [9] *Id.* at 6 (¶ 27).

27   [10] *Id.* at 6–8 (¶¶ 27–34).

28   [11] *Id.* at 7 (¶ 32).

United States District Court
Northern District of California

1    against" her and did not "receive or sign" the Joinder Agreement.[12] The plaintiff received a draft

2    version of the 2020 Partnership Agreement in a March 19, 2021 email from Redgrave.[13]

3      The plaintiff alleges that the effective date of the 2020 Partnership Agreement is December

4    31, 2020, not January 1, 2021.[14] The distinction between the two dates is important because the

5    effective date of any partnership agreement applicable to the plaintiff as set forth in the March 9

6    and 19 compensation memoranda was January 1, 2021, not December 31, 2020.[15]

7      The plaintiff ultimately rejoined Redgrave as an "at-will employee" on May 10, 2021.[16] The

8    firm terminated her employment on January 4, 2022.[17] Between January 2022 and April 2022, the

9    plaintiff communicated with Redgrave through counsel regarding "the underlying employment

10    dispute."[18] Among the issues that the parties apparently discussed were the return of employment

11    records and property to the plaintiff.[19] In addition to the January 4, 2022 termination, the plaintiff

12    "resigned from Redgrave LLP" on April 4, 2022.[20]

13      On April 26, 2022, Redgrave filed a declaratory judgment action against the plaintiff in Florida

14    state court.[21] On April 28, 2022, the plaintiff "obtained a Notice of Right to Sue Letter from

15    California's Department of Fair Employment and Housing ('DFEH') . . . authoriz[ing] Plaintiff to

16    pursue her employment claims, including those alleging unlawful sexual harassment."[22] On April

17    29, 2022, the defendants "submitted a Demand for Arbitration Form to JAMS."[23]

18

19

---

20    [12] *Id.* at 8 (¶ 36–37).

   [13] *Id.* (¶ 38).

21    [14] *Id.* at 9 (¶ 43).

22    [15] *Id.* at 9–10 (¶ 43).

23    [16] *Id.* at 10 (¶ 46).

   [17] *Id.* at 12 (¶ 57).

24    [18] *Id.* at 12–16 (¶¶ 56–77).

25    [19] *Id.* at 14 (¶¶ 64–67).

26    [20] *Id.* at 15 (¶ 72).

   [21] *Id.* at 16 (¶ 79).

27    [22] *Id.* at 17 (¶ 82).

28    [23] *Id.* at 17 (¶ 83).

United States District Court
Northern District of California

1    The plaintiff and defendants participated in a voluntary mediation in Florida, on June 2,

2    2022.[24] The mediation was unsuccessful.[25] The plaintiff contends that the demand for arbitration at

3    JAMS has not been properly served on her and contests JAMS's jurisdiction over the underlying

4    dispute.[26] The plaintiff has moved to dismiss the declaratory judgment action that the defendant

5    Redgrave filed against her in Florida.[27]

6    In sum, the plaintiff contends that she "faces an imminent threat that Defendants will force

7    [her] to submit to arbitration when she has not agreed to do so and effectively enjoin [her] from

8    litigating her employment claims, should she elect to do so, in court."[28] The plaintiff hints that the

9    underlying employment claims may relate to sexual harassment or gender discrimination, but she

10   does not describe precisely the nature of her employment dispute in the complaint.[29] In any event,

11   she alleges that the defendants have acted inconsistently "with any right to arbitrate" those

12   disputes.[30] The plaintiff also claims that forcing her to arbitrate her claims would violate

13   "California Labor Code Section 432.6 [prohibiting employers from conditioning employment on

14   waiving the right to sue under the California Fair Employment and Housing Act] and the federal

15   Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021."[31]

16   The plaintiff raises several collateral issues. She claims that the defendants revealed her

17   "sensitive personal information" in their filings in the Florida state court action and improperly

18   revealed her "personal email address and a residential address to JAMS."[32] She asserts in her

---

[24] *Id.* at 18 (¶ 88).

[25] *Id.* at 18 (¶ 89).

[26] *Id.* at 19 (¶ 96).

[27] Opp'n – ECF No. 27 at 5.

[28] Compl. – ECF No. 1 at 21 (¶ 114).

[29] *Id.* at 1–3, 8, 12, 14–16, 18, 21 (¶¶ 1, 4, 7, 39, 56, 65, 68, 74, 76–77, 89, 113) (general references to an "employment dispute"); *id.* at 17 (¶ 82) (referencing "unlawful sexual harassment"); Opp'n – ECF No. 27 at 9 (referencing the Equal Pay Act).

[30] *Id.* at 2–3, 19, 21 (¶¶ 6, 101, 112).

[31] *Id.* at 3 (¶ 7).

[32] *Id.* at 18–19 (¶¶ 93, 98).

1    opposition that certain documents related to her purchase of a condominium in Florida are stored

2    in her Redgrave email account and that the defendants have refused to provide these documents.[33]

3        The defendants moved to dismiss under Rule 12(b)(1) on the grounds that the court does not

4    have subject-matter jurisdiction over the dispute because the parties are not diverse and the

5    plaintiff has not asserted a claim arising under federal law.[34] The parties consented to magistrate-

6    judge jurisdiction under 28 U.S.C. § 636.[35] The court held a hearing on November 17, 2022.

7

8                                    **LEGAL STANDARD**

9        A complaint must contain a short and plain statement of the grounds for the court's

10   jurisdiction. Fed. R. Civ. P. 8(a)(1). The party asserting jurisdiction has the burden of establishing

11   jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Ass'n of Am.*

12   *Med. Coll. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000); *Farmers Ins. Exch. v. Portage*

13   *La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

14       A defendant's Rule 12(b)(1) jurisdictional attack can be facial or factual. *White v. Lee*, 227

15   F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are

16   themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's

17   allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News*

18   *Serv. v. Planet*, 750 F.3d 776, 780, n.3 (9th Cir. 2014).

19       If the defendant mounts a factual attack, it "becomes necessary for the party opposing the

20   motion to present affidavits or any other evidence necessary to satisfy its burden of establishing

21   that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d

22   199, 201 (9th Cir. 1989). In such cases, "[t]he district court obviously does not abuse its discretion

23   by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to

24   resolve factual disputes." *Id.*

25

26   _____

27   [33] Opp'n – ECF No. 27 at 2.

     [34] Mot. – ECF No. 25.

28   [35] Consents – ECF Nos. 10, 12.

United States District Court
Northern District of California

1  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the

2  complaint without converting the motion to dismiss into a motion for summary judgment." *Safe*

3  *Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The party opposing a motion to

4  dismiss under Rule 12(b)(1) "must furnish affidavits or other evidence necessary to satisfy its

5  burden of establishing subject matter jurisdiction." *Id.*

6      Dismissal of a complaint without leave to amend should only be granted where the jurisdictional

7  defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

8  (9th Cir. 2003).

9                                               **ANALYSIS**

10     The defendants have made factual and facial attacks under Rule 12(b)(1). First, the defendants

11  challenge that all parties are diverse.[36] Second, the defendants contend that the plaintiff's

12  complaint does not state a claim arising under federal law.[37] Third, the defendants contend that,

13  even if the court has jurisdiction, it should exercise its discretion and decline to adjudicate the

14  plaintiff's Declaratory Judgment Act (28 U.S.C. § 2201) claim given the pending state-court

15  litigation concerning the same issues.[38] The court dismisses the case for lack of jurisdiction.

16

17  **1.  Rule 12(b)(1) — Diversity Jurisdiction**

18     The diversity statute, 28 U.S.C. § 1332, provides that "[t]he district courts shall have original

19  jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is

20  between . . . citizens of different States.. . . ." The Supreme Court has interpreted the statute to

21  "require 'complete diversity' of citizenship." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

22      **1.1   Citizenship of Limited Partnerships**

23     "For purposes of diversity jurisdiction, an LLC — or other unincorporated association — has

24  the citizenship of all of its owners/members." *Motu Novu, LLC v. Percival*, No. C 16-06545 SBA,

25

26  _____

27  [36] Mot. – ECF No. 25 at 12–13.

    [37] *Id.* at 11–12.

28  [38] *Id.* at 15–17.

United States District Court
Northern District of California

1    2018 WL 3069316, at *8 (N.D. Cal. May 7, 2018) (citing *Johnson v. Columbia Props. Anchorage,*

2    *LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567,

3    586 (2004)). For instance, limited partnerships are citizens of every state of which their partners

4    are citizens. *Carden*, 494 U.S. at 195–95.

5        The status of a party's citizenship is evaluated at the time the complaint was filed. *Morongo*

6    *Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)

7    (diversity is determined by citizenship of parties as of filing of the original complaint); *Grupo*

8    *Dataflux*, 541 U.S. at 574–75 ("Where there is no change of party, a jurisdiction depending on the

9    condition of the party is governed by that condition, as it was at the commencement of the suit").

10       The defendants contend that there is no diversity jurisdiction because defendant Redgrave is a

11   partnership with a partner that is a citizen and resident of California.[39] The defendants submitted

12   declarations from Emily Vandegrift (Redgrave's Human Resources Manager) and Michael J.

13   Bonanno (Redgrave's Executive Director).[40] According to the declarations, defendant Redgrave is a

14   Delaware LLP and has a partner, Gareth Evans, who resided in California at the time the complaint

15   was filed.[41] These facts establish that Redgrave is not diverse, and the plaintiff does not meet her

16   burden to establish diversity jurisdiction. *Grupo Dataflux*, 541 U.S. at 574–75 (diversity jurisdiction

17   depends on the status of the parties at the time the suit was filed); *Carden*, 494 U.S. at 195–96

18   (limited partnerships are citizens of every state of which their partners are citizens); *Socoloff v. LRN*

19   *Corp.*, No. CV 13-4910-CAS (AGRx), 2013 WL 4479010, at *3 (C.D. Cal. Aug. 19, 2013) (the

20   "[p]laintiff's residence is 'prima facia' evidence of his domicile, and thus of his citizenship").

21       The plaintiff counters that Redgrave has not been a valid partnership "since November 16,

22   2020 (when the only other owner of Redgrave LLP, Victoria Redgrave, left the firm for an inhouse

23   role at Juul), or January 1, 2021 (when Ms. Redgrave redeemed her ownership shares)."[42] This

24   argument fails for three reasons.

---

[39] *Id.* at 8, 12–13; Reply – ECF No. 30 at 6–8.

[40] Vandegrift Decl. – ECF No. 25-1 at 2 (¶ 2); Bonanno Decl. – ECF No. 30-1 at 2 (¶ 2).

[41] Vandegrift Decl. – ECF No. 25-1 at 2 (¶¶ 3–4); Bonanno Decl. – ECF No. 30-1 at 2 (¶¶ 4–5).

[42] Opp'n – ECF No. 27 at 8.

United States District Court
Northern District of California

1    First, the plaintiff has not submitted any evidence supporting her contention that Redgrave

2    ceased to be a valid partnership in 2020 because it had only one partner.[43] In fact, the plaintiff's

3    allegations in the complaint contradict her position in her opposition that Redgrave is not a

4    partnership. In the complaint, the plaintiff alleged that "Defendant Redgrave LLP is a limited

5    liability partnership organized and existing under the laws of the State of Delaware and has its

6    principal place of business in Chantilly, Virginia."[44] The plaintiff cannot allege that Redgrave is a

7    partnership and then disavow that representation to manufacture diversity jurisdiction. For

8    example, in *Ibrani v. Mabetex Project Eng'g*, the court held that the plaintiff was judicially

9    estopped from alleging that a defendant was a "nominal partnership/joint venture" and then

10   asserting for purposes of diversity jurisdiction that it was not a partnership. No. C-00-0107 CRB,

11   2002 WL 1226848, at *3 (N.D. Cal. May 31, 2002) (observing that "[a]s plaintiff is playing fast

12   and loose with the courts, plaintiff is bound by his earlier representation") (cleaned up).

13   Second, the cases the plaintiff cited do not establish that Redgrave ceased existing as a

14   partnership in November 2021. The New York case identified in the plaintiff's opposition, *Idearc*

15   *Media LLC v. Siegel, Kelleher & Kahn LLP*, applied New York, not Delaware, law.[45] No. 09-CV-

16   1090S, 2013 U.S. Dist. LEXIS 149882, *2 (Oct. 17, 2013) (citing New York law governing

17   partnerships). The plaintiff has not pointed to a section of Delaware's partnership law that is the

18   equivalent of the New York law cited in *Idearc Media*.[46] Furthermore, the plaintiff has not shown

19   that the partnership dissolved under the applicable section of Delaware law governing the

20   dissolution of partnerships. *See Techmer Accel Holdings, LLC v. Amer*, C.A. No. 4905-VCN, 2011

21   WL 567456, at *3 (Del. Ch. Feb. 8, 2011) (observing that "[6 Del. C.] Section 17-801 states that

22   'a limited partnership is dissolved and its affairs shall be wound up upon the first to occur' of five

23   statutory events of dissolution or upon the entry of a dissolution decree") (cleaned up). The

24   Delaware case the plaintiff cited, *Hydrogen Master Rts., Ltd. v. Weston*, concerned partnership

---

[43] *Id.*

[44] Compl. – ECF No. 1 at 4 (¶ 15).

[45] Opp'n – ECF No. 27 at 8.

[46] *Id.*

United States District Court
Northern District of California

1   formation and not the dissolution of partnerships.[47] No. CV 16-474-RGA, 2016 WL 7411523, at

2   *5 (D. Del. Dec. 22, 2016). And, even if the partnership had dissolved, that would not necessarily

3   be dispositive. *Boulder Creek Co. v. Maruko Inc.*, 772 F. Supp. 1150, 1152 (C.D. Cal. 1991)

4   ("even if the partnership is assumed to be dissolved, it still may be sued" because a partnership is

5   not terminated until the winding up of partnership affairs is completed) (citing California law

6   governing partnerships).

7       Third, if the plaintiff is correct, and Redgrave was not a partnership at the time the complaint

8   was filed, then that would not necessarily establish diversity jurisdiction. If Redgrave were not a

9   partnership, it would have been a joint venture or unincorporated association. Such entities are

10  treated like partnerships for purposes of diversity jurisdiction. *Johnson*, 437 F.3d at 899 ("like a

11  partnership, an LLC is a citizen of every state of which its owners/members are citizens"); *Ibrani*,

12  2002 WL 1226848, at *4 ("[t]he same rule [that for purposes of subject matter jurisdiction, the

13  citizenship of each member of the partnership is considered] applies to joint ventures") (citing

14  *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir.1998)). And the plaintiff has

15  not presented any evidence that Redgrave is a different kind of entity — like a corporation or

16  cooperative — such that it would not have the citizenship of all of its members for purposes of

17  diversity jurisdiction. *Hamil v. DePuy Orthopaedics, Inc.*, No. CV 13-4286 PA RZX, 2013 WL

18  3071170, at *1 (C.D. Cal. June 18, 2013) ("[A] professional corporation is to be treated like other

19  corporations for purposes of determining the presence or absence of diversity jurisdiction.")

20  (quoting *Cote v. Wadel*, 796 F.2d 981, 983 (7th Cir. 1986)); *Kuntz v. Lamar Corp.*, 385 F.3d 1177,

21  1183 (9th Cir. 2004) ("for purposes of diversity jurisdiction, the Cooperative is to be treated as a

22  corporation simply because it has been incorporated under Idaho law, regardless of the

23  Cooperative's individual structure, purpose, operations, or name").

24      In sum, the court does not have jurisdiction. The defendant has submitted unrebutted evidence

25  that it is a Delaware partnership with a California-based partner. And because the defendants have

26  submitted declarations that answer the jurisdictional question, there is no need for jurisdictional

27

28  [47] *Id.*

United States District Court
Northern District of California

1    discovery. *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (it was not

2    an abuse of discretion to deny jurisdictional discovery where it "appear[ed] that any questions

3    relating to jurisdiction were answered in the affidavit").

### 1.2    Evidentiary Objections

The plaintiff objects to the declarations of Emily Vandegrift, Drake Mirsch, and Michael

Bonanno.[48] These objections are overruled.

The court considers summary-judgment-type evidence when evaluating diversity jurisdiction.

*Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("we consider

allegations in the removal petition, as well as summary-judgment-type evidence relevant to the

amount in controversy at the time of removal") (cleaned up); *see also Evers v. Losahn Robbins*

*Staley Testamentary Tr.*, No. CV 17-968-DMG (DTBx), 2017 WL 3034332, at *1 (C.D. Cal. May

17, 2017) ("The party asserting subject matter jurisdiction based on diversity of citizenship must

present 'summary-judgment-type evidence' relevant to the amount in controversy and the

citizenship of the parties.") (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.

2004)); *Socoloff*, 2013 WL 4479010, at *3 (considering declarations submitted by the defendant

corporation concerning the defendant's citizenship in support of removal jurisdiction); *Piazza v.*

*EMPI, Inc.*, No. 1:07-cv-00954-OWW-GSA, 2008 WL 590494, at *3, *11 (E.D. Cal. Feb. 29,

2008) (same).

The plaintiff's objections based on the doctrine of completeness, misstatements of testimony,

improper legal conclusions, and the argumentative quality of the statements are overruled. The

statements are "summary-judgment-type evidence:" the objections do not establish that the

statements would be inadmissible at trial. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828

F.3d 1098, 1110 (9th Cir. 2016) ("at summary judgment a district court may consider hearsay

evidence submitted in an inadmissible form, so long as the underlying evidence could be provided

in an admissible form at trial, such as by live testimony") (citing *Fraser v. Goodale*, 342 F.3d

1032, 1036–37 (9th Cir. 2003)).

---

[48] Evid. Objs. – ECF No. 31.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    The plaintiff's objections to foundation are overruled. The declarants explain the basis for their

2    personal knowledge[49] and establish foundation for the Rule 12(b)(1) motion. *Vasquez v. Randstad*

3    *US, L.P.*, No. 17-cv-04342-EMC, 2018 WL 327451, at *2 n.3 (N.D. Cal. Jan. 9, 2018) (overruling

4    foundation objections on a motion to remand on grounds that "the declarant states that she has

5    personal knowledge of the facts therein, and explains the foundation for her statements" and

6    concluding that the declarant "is not required to submit the database [she reviewed to establish

7    foundation] itself as an attachment to her declaration").

8        The plaintiff's objections under the best-evidence rule (Rule 1002) are overruled. The plaintiff

9    objected to the following statements: (1) Mr. Bonanno's statements concerning Redgrave's status

10   as an LLP and the plaintiff's allegations in this case, (2) Mr. Mirsch's statements concerning a

11   disclosure at the end of the plaintiff's consumer report, and (3) Ms. Vandegrift's statements

12   concerning the personnel records she reviewed concerning Redgrave's California-based partner.[50]

13   The challenged statements by Mr. Bonanno or Ms. Vandegrift were not offered to prove the

14   contents of a writing. Mr. Bonanno's statements were offered to establish the business form of

15   Redgrave, and Ms. Vandegrift's statements were offered to establish a foundation for the

16   information in her declaration.[51] The statements do not violate the best-evidence rule. *Fireman's*

17   *Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1023 (9th Cir. 2001) ("the 'best evidence' rule embodied in

18   Rule 1002 [was] inapposite, because the checks and billing records the [plaintiffs] submitted were

19   not offered to prove 'the content of a writing' as required by the rule").

20       Mr. Mirsch's declaration seems offered to prove the contents of a written document (the

21   plaintiff's consumer report). *Bankston v. Americredit Fin. Servs., Inc.*, No. C 09-04892 SBA, 2011

22   WL 89730, at *7 (N.D. Cal. Jan. 10, 2011) ("[u]nder the best evidence rule, proof of what the

23   credit report stated must be established by the report itself"). The objection is nonetheless

24

25

---

26   [49] Bonanno Decl. – ECF No. 30-1 at 2 (¶¶ 2–3); Mirsh Suppl. Decl. – ECF No. 30-2 at 2 (¶ 1); Vandegrift Suppl. Decl. – ECF No. 30-3 at 2 (¶ 2).

27   [50] Evid. Objs. – ECF No. 31 at 2–6.

28   [51] *Id.* at 2–6; Bonanno Decl. – ECF No. 30-1 at 2 (¶¶ 3–4, 6); Vandegrift Suppl. Decl. – ECF No. 30-3 at 2 (¶¶ 2–3).

1    overruled. First, the court does not rely on the statement. Second, the statement may be considered

2    on a motion to dismiss for lack of subject-matter jurisdiction. *Hughes v. United States*, 953 F.2d

3    531, 543 (9th Cir. 1992) (trial court was not precluded from considering affidavit on summary

4    judgment despite hearsay and best-evidence-rule objections).

5        In sum, the court overrules the plaintiff's evidentiary objections.

6

7    **2.   Rule 12(b)(1) — Federal-Question Jurisdiction**

8        The defendants contend that the Declaratory Judgment Act does not confer federal-question

9    jurisdiction.[52] The plaintiff counters that, even if there is no diversity jurisdiction, there is federal-

10   question jurisdiction because she could allege claims under the "federal and California Equal Pay

11   Act" and the "Fair Credit and Reporting Act."[53] But the plaintiff's complaint has only two claims:

12   (1) declaratory relief under the Declaratory Judgment Act and (2) injunctive relief.[54]

13       First, the Declaratory Judgment Act does not independently confer jurisdiction. "A person may

14   seek declaratory relief in federal court if the one against whom he brings his action could have

15   asserted his own rights there." *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997).

16   Thus, "there must be an independent jurisdictional basis to bring an action in federal court under

17   the Declaratory Judgment Act; the Act itself does not confer federal jurisdiction." *Kings Rd. Ent.,*

18   *Inc. v. W. Coast Pictures*, No. CV 12-7149-CAS (JCGx), 2012 WL 5937968, at *2 (C.D. Cal.

19   Nov. 26, 2012). In short, "[t]he question this Court must ask then is whether . . . the declaratory

20   judgment defendant[s] . . . could have asserted [their] rights under [federal law] in federal court,

21   based on the allegations in the Complaint." *JEHM, LLC v. Palmtree Clinical Rsch., Inc.*, No. 18-

22   cv-0336-BAS-WVG, 2018 WL 1991732, at *3 (S.D. Cal. Apr. 27, 2018).

23       For example, in *Kings Rd. Ent., Inc.*, the court held that it had federal-question jurisdiction

24   over a Declaratory Judgment Act claim because the parties' dispute over copyright ownership

25

26   ───────────────

[52] Mot. – ECF No. 25 at 11–12; Reply – ECF No. 30 at 11.

27   [53] Opp'n – ECF No. 27 at 9.

28   [54] Compl. – ECF No. 1 at 22–25 (¶¶ 115–138).

United States District Court
Northern District of California

1    arose under the Copyright Act and was not simply a dispute about a private agreement, which

2    would depend only on state contract law. 2012 WL 5937968, at *3.

3         On the other hand, in *Hernandez v. Green Tree Serv'ing LLC*, the court held that it did not

4    have federal-question jurisdiction over Declaratory Judgment Act claims challenging the

5    defendants' efforts to collect on a $41,400 loan. No. 2:14-cv-01438-CAS-AGRx, 2014 WL

6    12575729, at *1 (C.D. Cal. Aug. 6, 2014). The court reasoned that if the parties were

7    "reposition[ed]," then the defendants would have brought "a collections action on the debt against

8    the plaintiff" and the claims in that action would have "arise[n] out of state contract law, and

9    would not [have] create[d] federal question jurisdiction." *Id.*

10        In the context of a dispute over arbitration, the underlying claims to be arbitrated must arise

11   from federal law to establish federal-question jurisdiction under the Declaratory Judgment Act.

12   For instance, in *Postmates Inc. v. 10,356 Individuals*, the court concluded that it had jurisdiction to

13   consider an application for a temporary restraining order. No. CV 20-2783 PSG (JEMx), 2020 WL

14   1908302, at *1, 6 (C.D. Cal. Apr. 15, 2020). The plaintiff sought declaratory relief and alleged

15   that the defendants violated an arbitration agreement by failing to arbitrate. *Id.* at *6. The court

16   held that it had jurisdiction over the declaratory relief action "because many Defendants assert

17   claims under the [the federal] Fair Labor Standards Act." *Id.* In reaching this result, the court held

18   that "[t]he [Federal Arbitration Act] allows federal courts to review arbitration agreements only to

19   the extent a party invokes Section 4 of the [Federal Arbitration Act] and does so in a controversy

20   where the court would have jurisdiction over the underlying substantive dispute." *Id.* (citing *Vaden*

21   *v. Discover Bank*, 556 U.S. 49, 53 (2009)). Accordingly, a dispute over arbitration involving the

22   Federal Arbitration Act will create federal-question jurisdiction under the Declaratory Relief Act

23   only if the underlying claims to be arbitrated raise a federal question.

24        Here, the underlying dispute that the defendant is seeking to arbitrate concerns the

25   enforcement of an offer letter and partnership agreement and the terms of her termination.[55] Thus,

26

27   ---

     [55] *Id* at 10–12 (¶¶ 49–57) (describing the plaintiff's placement on administrative leave on December

28   17, 2021, her rejection of a severance offer on December 28, 2021, and her termination on January 4,

United States District Court
Northern District of California

1    the underlying dispute arises out of state contract law. *DeMartini v. DeMartini*, 833 F. App'x 128,

2    131 (9th Cir. 2020) ("A breach of partnership action is a species of the breach of contract action in

3    which the partnership agreement is the contract."); *O'Connell v. Celonis, Inc.*, No. 22-cv-02320-

4    WHO, 2022 WL 3591061, at *13 (N.D. Cal. Aug. 22, 2022) (evaluating breach-of-contract claim

5    arising from alleged breach-of-offer letter under California law). In fact, the cover sheet attached

6    to the plaintiff's complaint identifies this as a breach-of-contract case, not as a civil-rights case.[56]

7        Notwithstanding the plaintiff's admission that the issues concern alleged breaches of an offer

8    letter and partnership agreement, the plaintiff attempts to raise new claims based on references to

9    federal law in her opposition.[57] The plaintiff asserts that the lawsuit arises from an underlying

10   "employment dispute."[58] The plaintiff cites two federal laws — the Fair Credit Reporting Act and

11   the Equal Pay Act — and contends that "[i]f granted leave to do so, Plaintiff will state claims

12   against both Defendants under the Fair Credit and [sic] Reporting Act, and any applicable

13   California statutes."[59]

14       The Fair Credit Reporting Act "generally prohibits a person from furnishing information

15   relating to a consumer to any consumer reporting agency (CRA) if the person knows or

16   consciously avoids knowing that the information is inaccurate" but "a consumer cannot sue a

17   furnisher based simply on the communication of inaccurate information." *Biggs v. Experian Info.*

18   *Sols., Inc.*, 209 F. Supp. 3d 1142, 1143 (N.D. Cal. 2016) (cleaned up). In general, "[t]o state a

19   claim under the [Fair Credit Reporting Act], a plaintiff must show that (1) he found an inaccuracy

20   in his credit report, (2) he notified a credit reporting agency, (3) the credit reporting agency

21   notified the furnisher of the information about the dispute, and (4) the furnisher failed to

22

23

---

24   2022); Opp'n – ECF No. 27 at 11 ("Plaintiff's breach of contract claims here are based on Redgrave's multiple breaches of the March 19, 2021 offer letter package.").

25   [56] Civil Cover Sheet – ECF No. 1-1 at 1.

26   [57] Opp'n – ECF No. 27 at 9 (citing the Fair Credit Reporting Act and the Equal Pay Act).

27   [58] Compl. – ECF No. 1 at 1–3, 8, 12, 14–16, 18, 21 (¶¶ 1, 4, 7, 39, 56, 65, 68, 74, 76–77, 89, 113); Opp'n – ECF No. 27 at 2, 6; Hourigan Decl. – ECF No. 27-1 at 8 (¶ 50).

28   [59] Opp'n – ECF No. 27 at 9.

United States District Court
Northern District of California

1    investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. §

2    1681s–2(b)(1)(A)–(E)." *Id.* at 1144 (cleaned up).

3         To state a claim under the Equal Pay Act, "a plaintiff must prove that an employer is paying

4    different wages to employees of the opposite sex for equal work." *Duke v. City Coll. of San*

5    *Francisco*, 445 F. Supp. 3d 216, 229 (N.D. Cal. 2020) (quoting *Hein v. Or. Coll. of Educ.*, 718

6    F.2d 910, 913 (9th Cir. 1983) (cleaned up); *see also Cozzi v. Cnty. of Marin*, No. 18-cv-07830-

7    JSW, 2019 WL 13201175, at *2 (N.D. Cal. Aug. 16, 2019) ("In order to establish a prima facie

8    case under the Equal Pay Act, [the plaintiff] must allege that the [defendant] paid different wages

9    to male employees for substantially equal work under similar working conditions.").

10        The plaintiff has not alleged facts or a legal theory sufficient to state a claim under either law.

11   Although the plaintiff included a statement in her declaration purporting to establish that the

12   defendant Ogletree performed a background check through LexisNexis and that "LexisNexis Risk

13   Solutions is considered to be a consumer reporting agency under the Fair Credit Reporting Act

14   (FCRA) federal and state statutes," the plaintiff has not outlined a cognizable legal theory that

15   would support a claim against Ogletree under the Fair Credit Reporting Act.[60] The plaintiff also

16   alleged that "Redgrave LLP ceased compensating Plaintiff as of April 4, 2022" and "contends that

17   this treatment of Plaintiff violates the federal and California Equal Pay Act."[61] But the complaint

18   does not allege any facts establishing that the defendant was paying different wages to employees

19   of the opposite gender for equal work. The plaintiff's repeated references to an underlying

20   "employment dispute" are insufficient to establish federal-question jurisdiction because all

21   employment disputes do not necessarily arise under federal law.

22        In short, the plaintiff has not stated a claim under federal law. *Woods v. U.S. Bank N.A.*, 831

23   F.3d 1159, 1162 (9th Cir. 2016) ("[a] complaint may fail to show a right to relief either by lacking

24   a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory").

25   But it is at least possible that the plaintiff could state a claim under one of the federal laws

26

27   ----
     [60] Hourigan Decl. – ECF No. 27-1 at 6–7 (¶¶ 35–38).

28   [61] Compl. – ECF No. 1 at 7 (¶ 31); Opp'n – ECF No. 27 at 9.

United States District Court
Northern District of California

1   referenced in her opposition and cure the jurisdictional defects. Therefore, the plaintiff has leave to

2   amend. *Eminence Capital*, 316 F.3d at 1052 (leave to amend should be granted where

3   jurisdictional defects are curable).

4

5   **3.   Remaining Defenses and Rule 11 Motion**

6        Given the lack of jurisdiction, the remaining defenses raised — including the arguments that

7   there is no actual controversy between the plaintiff and defendant Ogletree and that the court

8   should exercise its discretion and decline to hear the plaintiff's suit because it duplicates the

9   Florida action — are not ripe.[62] *Morongo Band of Mission Indians v. Cal. State Bd. of*

10  *Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (jurisdiction is a threshold inquiry before the

11  adjudication on the merits).

12       The remaining issue is defendant Ogletree's pending motion for sanctions under Rule 11.

13  Some courts have held that the lack of subject-matter jurisdiction effectively moots a Rule 11

14  motion.[63] *See, e.g.*, *Ford v. Ciraolo-Klepper*, No. 1:17-cv-00034-DAD-EPG, 2017 WL 2189577,

15  at *6 (E.D. Cal. May 18, 2017) (denying Rule 11 sanctions motion on grounds that the lack of

16  subject-matter jurisdiction rendered the motion moot). But some courts in this district have held

17  that the lack of subject-matter jurisdiction does not moot a pending Rule 11 motion. *Lindquist v.*

18  *Chapman*, No. C 06-06822 WHA, 2007 WL 420128, at *3 (N.D. Cal. Feb. 6, 2007) (an order

19  finding a lack of subject-matter jurisdiction did "not disturb" a pending Rule 11 sanctions motion).

20  When courts in this district have declined to rule on sanctions motions where there is no subject-

21  matter jurisdiction, they have generally done so on prudential grounds. *Nguyen v. Caldo Oil Co.*,

22  No. 15-CV-02296-LHK, 2015 WL 5461666, at *5 (N.D. Cal. Sept. 16, 2015) (declining to issue

23  an order to show cause under Rule 11 based on assertion that plaintiffs knowingly made false

24  allegations in the complaint in light of order dismissing complaint for lack of subject-matter

25  jurisdiction); *Bhatia v. Off. of U.S. Atty.*, No. C 09-5581 SBA, 2010 WL 2035272, at *1 (N.D. Cal.

26

27  _____
    [62] Mot. – ECF No. 25 at 13–17.

28  [63] Mot. – ECF No. 28.

United States District Court
Northern District of California

1   May 19, 2010) (it was "premature to consider [the plaintiff's] request for imposition of criminal

2   penalties" against an Assistant United States Attorney for willful disclosure of a record in

3   violation of the Privacy Act (5 U.S.C. § 552a) given the pendency of a motion to dismiss for lack

4   of subject-matter jurisdiction).

5       Here, defendant Ogletree's motion for sanctions under Rule 11 is based in part on its contention

6   that the plaintiff's allegations against defendant Ogletree lack evidentiary support.[64] The theory is

7   closely related to the merits of the plaintiff's claims. Thus, the motion is denied without prejudice

8   on grounds that it would be premature to consider those issues in view of the lack of subject-matter

9   jurisdiction over the action. The defendants may refile the Rule 11 motion if the plaintiff is able to

10  establish jurisdiction.

11                                   **CONCLUSION**

12      The complaint is dismissed with leave to amend. The plaintiff may file an amended complaint

13  by January 18, 2023, and must attach as an exhibit a blackline of the first amended complaint

14  against the original complaint. The court allows this extra time (beyond the court's ordinary

15  schedule of four weeks to amend) to allow the plaintiff to finalize her retention of employment

16  counsel and to consider the claims that are appropriately raised in this dispute (as discussed at

17  today's hearing).

18      This disposes of ECF Nos. 25 and 28.

19      **IT IS SO ORDERED.**

20      Dated: November 17, 2022

21

22                                                          LAUREL BEELER
                                                            United States Magistrate Judge

23

24

25

26

27

---

28  [64] *Id.* at 6.